ROBERT PATRAS, A MINOR, BY LLOYD PATRAS, HIS FATHER AND NEXT FRIEND, APPELLEE, V. MILTON J. WALDBAUM, DOING BUSINESS AS MILTON J. WALDBAUM & CO., ET AL., APPELLANTS, IMPLEADED WITH DOBSON-ROBINSON, INC., APPELLEE.

101 N. W. 2d 465

Filed March 11, 1960. No. 34695.

*Leo A. Capesius* and *Joseph H. McGroarty*, for appellants.

*Frederick M. Deutsch* and *William I. Hagen*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages by Robert Patras, a minor, by Lloyd Patras, his father and next friend, plaintiff and appellee, against Milton J. Waldbaum, doing business as Milton J. Waldbaum & Co., and Wayne Norman, defendants and appellants, and Dobson-Robinson, Inc., defendant and appellee, growing out of an

accident wherein the plaintiff was injured and damaged, as is admitted to be true, by the negligence of defendant Norman, which negligence was attributable also to the defendant Waldbaum, Norman's employer. Dobson-Robinson, Inc., was made a party defendant because of the fact that the plaintiff was employed by it, the purpose of course being to protect it as employer in the area of workmen's compensation in the event of recovery of damages by plaintiff against the other defendants. No further mention of this defendant will be required herein, therefore when the term defendant or defendants is employed it will refer to Waldbaum and to Norman. The case was tried to a jury and a verdict was returned in favor of the plaintiff for $35,000. Judgment was rendered on the verdict after which a motion for new trial was filed. The motion was overruled. From the judgment and the order overruling the motion for new trial the defendants by appeal seek a reversal of the judgment. After the case came to this court on appeal Lloyd Patras died. On this account Ivadelle Patras was substituted for Lloyd Patras.

Assignments of error urged as grounds for reversal appear in the brief. These, or such of them as require consideration, will be referred to herein following a summary of the pertinent facts.

On August 14, 1957, the plaintiff, then of the age of 18 years, was an employee of Dobson-Robinson, Inc., which company was engaged in highway construction on U. S. Highway No. 20 in the vicinity of Osmond in Pierce County, Nebraska. At a point about 4 miles west of Osmond the highway was closed to traffic by a barricade. At about 6:30 a.m. on that date the plaintiff was engaged in the performance of his duties east of the barricade. At that time defendant Norman was proceeding in an easterly direction on the highway in a truck owned by the defendant Waldbaum. He negligently drove the truck through the barricade into an automobile which was parked just east of the barricade

and caused the automobile to be propelled against the plaintiff, as a result of which the plaintiff received personal injuries and suffered damages. With regard to these facts, as has been indicated, there is no dispute. The only factual dispute on the trial related to the extent of injuries received and the amount of damages sustained.

There is but little dispute as to the findings of injuries at or about the time of the accident or thereafter. The real dispute is as to what the plaintiff's condition was at the time of trial and as to whether his then condition flowed from the accident and injuries or, in whole or in part, from congenital causes, and the amount of future damages to which he was entitled, if any.

As a result of the accident he suffered pain which continued down to the time of the trial; he had a severe laceration of his lip; teeth were broken, one of which was lost; his left thumb was fractured; he had a dislocated hip; and he sustained bruises and lacerations. In addition to all of this he had medical and hospital treatment and the expense thereof, and lost time from work. There is no factual dispute in the evidence as to injuries sustained except as to a condition in the lower back which the plaintiff contends flowed from the accident and which the defendants contend was a congenital condition.

By assignment of error the defendants assert that the verdict is excessive. The effect of another assignment is to say that the excessiveness was brought about because of impropriety of instructions to the jury relating to the amount of damages to be awarded to the plaintiff.

By instruction No. 5 the court instructed the jury that the verdict should be in an amount which would fairly and reasonably compensate the plaintiff for his pecuniary damage or financial loss which would include reasonable value of medical attention and hospital care, value of pain and suffering, inconvenience sustained,

disfigurement, and damage caused by impaired earning capacity. By this instruction the jury was told that the pecuniary damage for pain and suffering was incapable of precise measurement by any certain rule of law, but that from its nature it must depend largely upon the sound judgment and discretion of the jury governed by the circumstances of the case. This instruction and no other informed the jury as to what would or could be the basis for an award for future damages. The instruction concluded as follows: "Any amount you award to the plaintiff for future damages, should be reduced to their present worth or value."

The defendants do not contend that this instruction contains any improper statement of legal principle. They contend substantially that this instruction was and the instructions as a whole were, in the light of the evidence, insufficient to apprise and properly inform the jury of its duty in relation to the fixation of damages, and particularly with reference to future damages.

In all of these respects except one the attack is general and without sufficient particularity to justify extended comment herein. The matter to which particular attention is directed is instruction No. 9 which was given, the express purpose of which was to inform the jury as to its duty in arriving at its verdict as to future damages, if any, which the plaintiff sustained as a result of the accident and his resultant injuries. The instruction, of course, referred to the last sentence of instruction No. 5 which has been quoted herein. Instruction No. 9 is as follows: "By 'present worth or value' of amounts awarded to plaintiff for future damages, if any, is meant such slightly reduced sum, after allowance of the legal rate of interest per annum, for his use and benefit of sums now awarded for future damages, until such time or times as such damages are actually sustained by plaintiff within his expected lifetime."

It is asserted substantially that the instruction is an incorrect statement of the proper method of ascertain-

ing the present worth or value of future damages, and further that the meaning is so obscure that it is not capable of comprehension and application.

It must be said that the instruction does fail to define the proper method of arrival at the present worth or value of future damages. It is contrary to the definitions declared by the decisions of this court.

In Chambers v. Chicago, B. & Q. R. R. Co., 138 Neb. 490, 293 N. W. 338, this court, in a case under the federal employers' liability act, held that the measure of damages for future loss of earnings should be in the amount thereof reduced to present worth and that the jury should be so instructed. It was further held that a more explicit instruction was not required in the absence of request.

This court, in Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643, followed the definitive holding in Chambers v. Chicago, B. & Q. R. R. Co., *supra*. It however departed from the holding that a more explicit instruction in the absence of request was not required, and held that it was the duty of the court to instruct fully on the proper basis for the assessment of damages. In this case it was indicated that a method of arriving at the present worth or value of future damages was required.

In Jacobsen v. Poland, 163 Neb. 590, 80 N. W. 2d 891, the definitive holding of the case of Borcherding v. Eklund, *supra,* was commented on with general approval. However the question of whether or not it is necessary to prescribe or define a method of arriving at present worth or value was not involved. It was pointed out that when the court attempts to prescribe or define a method it must do so within certain limitations or restrictions.

In Wolfe v. Mendel, 165 Neb. 16, 84 N. W. 2d 109, this court again approved the definitive holding of Chambers v. Chicago, B. & Q. R. R. Co., *supra,* and returned to the rule that an instruction that the measure of dam-

ages for future loss of earnings should be in the amount thereof reduced to present worth was sufficient in the absence of request for more specific instruction.

In the light of this it is clear that instruction No. 5, in view of the fact that neither party requested more specific instruction, was sufficient on the question of future damages, and except for instruction No. 9, given by the court of its own motion, there could be no valid claim of error because of failure to instruct as to the method for arrival at present worth or value.

Instead of this, however, the trial court gave instruction No. 9 the evident purpose of which was to define the method or a method of ascertaining present value. In this attempt it was its duty to do so correctly and of course comprehensively. In this respect the defendants say that there was failure.

In Hickman-Williams Agency v. Haney, 152 Neb. 219, 40 N. W. 2d 813, it was said: "Where an instruction is so worded as necessarily to leave the jury to uncertain conjecture as to the meaning, and therefore liable to lead the jury astray in their consideration of the case, it is good ground for new trial." See, also, City of Crete v. Childs, 11 Neb. 252, 9 N. W. 55.

In Langdon v. Loup River Public Power Dist., 144 Neb. 325, 13 N. W. 2d 168, it was said: "The purpose of an instruction is to furnish guidance to the jury in their deliberations, and to aid them in arriving at a proper verdict; and, with this end in view, it should state clearly and concisely the issues of fact and the principles of law which are necessary to enable them to accomplish the purpose desired." See, also, Platte Valley Public Power & Irr. Dist. v. Armstrong, 159 Neb. 609, 68 N. W. 2d 200.

Instruction No. 9 fails, in the light of what this court has said with regard to fixation of present worth or value of future damages, to conform with these pronouncements with relation to the true office of instructions to a jury. The court attempted by this instruction

to declare a standard to be followed by the jury in arriving at the present worth or value of plaintiff's future damages.

From an examination of the standard or standards declared by the instruction it appears that it fails to conform to the pronouncements contained in the opinion in Jacobsen v. Poland, *supra*. It is true that in this opinion no fixed and all-inclusive standards appear. It is however clear that what is said there is a negation of what is found in instruction No. 9. From what is said therein directly by this court and what has been quoted therein with approval from the pronouncements of the courts of other jurisdictions it would appear that this court has indicated that when a jury is instructed as to present worth or value of future damages and the trial court goes beyond that declaration and attempts to define the method of arriving at the amount, a fixed formula should not be given which the jury is required to follow. It should receive only an explanatory or illustrative one to aid it in arriving at its verdict.

The giving of tables of expectancy and illustrative tables of the earning value of money is proper as an aid to the jury. These however are to be construed as merely explanatory to the jury and not binding upon it and not impairing its discretion.

Also the fixing of interest rates and returns upon money is not a matter on which instruction should be given. While formulas in this area are proper for submission the jury is not bound thereby in arriving at the present value of future damages. The indicated proper manner of submitting the elements of present worth or value, assuming that such request is made or it is done by the court on its own motion, is to submit the matter on all of the facts and circumstances as disclosed by the evidence together with a formula for guidance but not control of the jury for the fixation of present value of money, which formula shall not exact any particular rate of interest, but shall permit the jury in the light

of its functions and its presumed common knowledge and intelligence to arrive at its own conclusion and decision.

Because of the uncertainty of the meaning of instruction No. 9 it is not clear whether it does or does not run counter to all of the negations which flow directly or by reasonable inference from Jacobsen v. Poland, *supra*, but it is clear that it runs counter to the positive directives of that opinion to which directives reference has been made.

The meaning of the instruction, as indicated, is uncertain. The attempts which have been made to find the meaning have ended in futility. No further attempt will be made herein.

It follows that this instruction to the jury did not conform to proper legal principles and was so worded as necessarily to leave the jury uncertain as to its meaning. Accordingly the giving of the instruction was ground for a new trial.

By the appeal the defendants seek to have the verdict set aside on the ground that it is excessive. In view of the fact that the verdict will be set aside on the ground of error in instructions to the jury it is not deemed proper to consider the matter of the size or amount of the verdict. With the reversal the verdict in all of its aspects becomes nonexistent. The question of the amount of damages should be left to a jury under proper instructions entirely uninfluenced by anything which might be said in this opinion.

On the trial an exhibit consisting of two photographs of the automobile which struck the plaintiff was admitted in evidence over objection of the defendants. It is apparent that the photographs were adduced to show the force and effect of the act which produced plaintiff's injury and damage. The defendants contend that the admission of this exhibit was error. They contend that negligence having been admitted, thus leaving only the question of the character and amount of damage as

the subject of consideration, this exhibit was not admissible for the reason that it had no probative value on the question of damages.

A general rule as to admissibility of photographs is that if they will be practically instructive as evidence they are admissible, but if they are irrelevant and immaterial they should be excluded. See 32 C. J. S., Evidence, § 709, p. 611. The exhibit admitted had no value as instructive evidence and was immaterial in the light of the question for determination, and therefore it was erroneously received in evidence.

For the reasons herein set forth the conclusion is reached that the judgment of the district court should be and it is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.