LAURA OMEY, APPELLEE, v. LEROY G. STAUFFER ET AL., APPELLANTS.

117 N. W. 2d 481

Filed October 19, 1962. No. 35229.

Munro, Parker & Munro, C. Morris Gillespie, and Baylor, Evnen, Baylor & Urbom, for appellants.

Richard A. Dier, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

The plaintiff, Laura Omey, commenced this action against the defendants, LeRoy G. Stauffer and Henry C. Lubeck, to recover damages resulting from injuries which she received when she was struck by an automobile operated by Stauffer. The jury returned a verdict in favor of the plaintiff and against both defendants. Their motions for new trial were overruled and both defendants have appealed.

The accident happened on December 28, 1960, in Kearney, Nebraska, near the intersection of Twenty-fifth Street and Avenue I. The plaintiff was walking to the west on the sidewalk on the north side of Twenty-fifth Street. The defendants were both driving east on Twenty-fifth Street. Twenty-fifth Street is a four-lane arterial street and is U. S. Highway No. 30 at the place where the accident happened. Between intersections the eastbound traffic lanes are separated from the westbound traffic lanes by a concrete median strip. Most of the surface of the street was icy and covered with packed snow.

Lubeck intended to stop at a place of business on the north side of Twenty-fifth Street and made a left turn at the intersection of Avenue I. Stauffer, who was behind the Lubeck automobile, turned to the left to avoid a collision with the Lubeck automobile. Stauffer lost control of the automobile he was operating. It slid through the intersection, across Twenty-fifth Street, and onto the sidewalk where it struck the plaintiff who was

a pedestrian. The plaintiff was struck at a point approximately 200 feet east of the intersection.

From our examination of the record we have determined that the judgment must be reversed and the cause remanded for a new trial. For that reason, only those errors assigned which require a reversal or which are likely to occur upon the retrial are discussed in this opinion.

The defendants' principal assignments of error relate to instruction No. 1 which was as follows:

"You are instructed in this case to return a verdict for the plaintiff, Laura Omey, for the damages she sustained in the accident of December 28th, 1960, when she was struck by a car driven by the defendant Leroy G. Stauffer.

"You have two duties in this case. The first is to fix the liability upon either the defendant Leroy G. Stauffer individually, or the defendant Henry C. Lubeck individually, or upon both of them jointly. The second is to fix the amount of damages sustained by the plaintiff.

"If you find from the greater weight of the evidence that the sole proximate cause of the accident was the negligence of the defendant Leroy G. Stauffer in any one or more of the following particulars:—

"1. That the defendant Stauffer drove his car too fast for the condition of the highway,

"2. That the defendant Stauffer did not maintain a reasonable and proper lookout for either the defendant Lubeck's automobile or for said plaintiff,

"3. That the defendant Stauffer did not maintain reasonable and proper control of his car at a time when defendant Lubeck was signaling and preparing to make a left turn on 25th Street,

than (then) your verdict will be against the defendant Leroy G. Stauffer only.

"If you find from the greater weight of the evidence that the sole proximate cause of the accident was the negligence of the defendant Henry C. Lubeck in any

one or more of the following particulars:—

"1. That the defendant Lubeck made a left turn from the right lane of traffic on a four-lane street,

"2. That the defendant Lubeck failed to approach said intersection in the lane of traffic nearest to the center line before he made his left turn, contrary to the ordinances of the City of Kearney,

"3. That the defendant Lubeck turned to the left without continuously giving a signal of his intention to turn to the left for the last fifty feet his vehicle traveled before turning.

"4. That the defendant Lubeck turned his vehicle from the direct course of travel on the street when such movement could not be made with reasonable safety,

"5. That the defendant Lubeck failed to maintain a proper lookout,

then your verdict will be against the defendant Henry C. Lubeck only.

"If you find from the greater weight of the evidence that both of the defendants were guilty of one or more of the acts of negligence charged against them as set forth foregoing, which negligence combined to produce plaintiff's injuries, then the parties so concurring in such negligence and bringing about the result are jointly and severally liable for the injuries so proximately caused regardless of the degree of negligent participation of each defendant, and if you so find then your verdict must be against both the defendant Stauffer and the defendant Lubeck."

Instruction No. 1 is subject to criticism on several grounds. It does not state clearly whether proximate cause is the only issue submitted to the jury or whether the negligence of the defendants is also submitted to the jury. In this respect the instruction was confusing. By directing the jury to return a verdict for the plaintiff but at the same time instructing it that it could find for either one of the defendants, the instruction was in-

consistent. If the jury had a right to find for either defendant, then it necessarily had the right to find for both defendants but the instruction did not permit such a finding. In effect, the court instructed the jury that one or both of the defendants were guilty of negligence as a matter of law which was the proximate cause of the plaintiff's injuries, but that it was up to the jury to decide which defendant or whether both defendants were guilty of the negligence which was the proximate cause of the plaintiff's injuries. This was erroneous and prejudicial.

The trial court did not give a general instruction on the burden of proof. Instructions Nos. 1 and 8 referred to the greater weight of the evidence and that term was defined in instruction No. 2. There was no instruction as to the finding to be made if the evidence was evenly balanced or preponderated in favor of one or both defendants. An instruction on the burden of proof which fails to inform the jury as to what the verdict should be in the event the evidence is evenly balanced or preponderates in favor of the defendant is prejudicially erroneous. See, Fitzsimons v. Frey, 153 Neb. 124, 43 N. W. 2d 531; Kristufek v. Rapp, 154 Neb. 343, 47 N. W. 2d 923.

The trial court instructed the jury that an ordinance of the city of Kearney, Nebraska, established a speed limit of 35 miles per hour on Twenty-fifth Street from Avenue A to Avenue T. Complaint is made because the trial court failed to instruct the jury that the ordinance contained a further provision limiting the speed of motor vehicles to 15 miles per hour while traversing intersections.

The evidence is that the speed limit posted on Twenty-fifth Street was 35 miles per hour. Although local authorities are authorized to increase or decrease speed limitations within their respective jurisdictions from those otherwise prescribed by statute, subdivision (5) of section 39-7,108, R. R. S. 1943, provides that a de-

crease shall be effective only when appropriate signs giving notice thereof are erected. Under the circumstances of this case we think it was proper for the trial court to omit any reference to the provision of the ordinance relating to the speed limit while traversing intersections.

The trial court also instructed the jury in reference to the requirement that an appropriate signal be given before turning a vehicle from a direct course upon a highway. The court failed to instruct as to the signals which are authorized and required by the statute. See §§ 39-7,115, 39-7,116, and 39-7,117, R. R. S. 1943. In the absence of an instruction as to the signals which are authorized and required by the statute, the jury would be unable to make an intelligent finding as to whether there had been a compliance with the statute.

The trial court submitted three forms of verdict to the jury. One form permitted a finding as against the defendant Stauffer only. A second form permitted a finding as against the defendant Lubeck only. A third form permitted a finding as against both defendants. Apparently the jury was not satisfied with the forms of verdict which were submitted because some of the members of the jury wanted to fix the damages as between each defendant.

A statement dictated into the record by the district judge at the hearing upon the motions for new trial shows that the jury during its deliberations twice requested a different form of verdict. On each occasion the trial court orally informed the jury that the form of verdict which had been requested could not be given to it. On one occasion the trial court told the jurors that they had deliberated for 6 hours, that they should try to arrive at a verdict, and that they were as capable as anyone else of making a decision in the matter. The above took place at the door of the jury room with the trial court standing in the courtroom and the jury in

the jury room. It took place out of the presence of the parties, their attorneys, and the court reporter.

Our statute requires that all instructions to the jury be in writing unless the requirement is waived in open court. § 25-1111, R. R. S. 1943. The statute further provides that no oral explanation of any instruction shall be allowed. § 25-1115, R. R. S. 1943. In Dow v. Legg, 120 Neb. 271, 231 N. W. 747, 74 A. L. R. 5, the jury had been furnished two forms of verdict, one permitting a finding against one defendant and the second permitting a finding against both defendants. During its deliberations, the jury requested permission to apportion the damages as between the two defendants. Out of the presence of the defendant who appealed, or his counsel, but in the presence of the court reporter, the trial court advised the jury that if it found against both defendants it could not apportion the damages. This court held that the remarks of the trial court amounted to an oral instruction which was prohibited by the statute and was reversible error. See, also, Anderson v. Evans, 164 Neb. 599, 83 N. W. 2d 59, in which it was held that an oral instruction to the jury out of the presence of the parties or their attorneys as to the manner of preparing a verdict, as to the intent of the court as to the content of a form of a verdict in blank supplied, and the effect of it with the blank or blanks filled out and returned by the jury was reversible error.

The defendants complain that instruction No. 9 was erroneous in that it permitted the plaintiff to recover an amount greater than her actual loss. The instruction permitted the plaintiff to recover the difference between the amount she would have been able to earn if she had not been injured and the amount she will be able to earn in the future. The defendants argue that the amount which the plaintiff actually earned since the accident should be excluded from the amount which the jury might find that the plaintiff will be able to earn. Although the amount involved was relatively small, the

instruction should have been worded so that any re-covery was limited to the loss sustained.

The trial court appointed Robert A. Munro as guardian ad litem for the defendant Stauffer who is a minor 16 years of age. After the trial had concluded, the guardian ad litem made an oral application in open court for an allowance of fees as compensation for his services as guardian ad litem. After hearing evidence in support of the application the trial court made no allowance of fees to the guardian ad litem.

The appointment of a guardian ad litem in this case was proper. The statute provides that the defense of an infant must be by a guardian for the suit. § 25-309, R. R. S. 1943. It is the duty of every attorney to act as the guardian of an infant defendant when appointed by the court and as such he is entitled to such compen-sation as the court shall deem reasonable. § 7-113, R. R. S. 1943.

The matter of the appointment and the compensation of a guardian ad litem for a minor defendant in a case such as this is discussed fully in the opinion of this court in Peterson v. Skiles, 173 Neb. 470, 113 N. W. 2d 628. The trial court was in error in not allowing reason-able compensation for the guardian ad litem in this case to be taxed as costs.

The judgment of the district court is reversed and the cause remanded for a new trial and for further pro-ceedings in conformity to this opinion. The guardian ad litem is allowed a fee of $200 for his services in this court to be taxed as a part of the costs.

REVERSED AND REMANDED.