BERT L. SPRINGER, APPELLEE, V. LARRY SMITH, APPELLANT.
153 N. W. 2d 300

Filed September 29, 1967. No. 36435.

Kier, Cobb & Luedtke and William A. Wieland, for appellant.

Merril R. Reller and Donald R. Hays, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and C. THOMAS WHITE, District Judge.

WHITE, District Judge.

The automobile which the plaintiff was operating on May 22, 1965, was driven into from the rear by an automobile operated by the defendant. Plaintiff brought this action for the resultant personal injuries and property damage. The defendant's amended answer admitted the accident, the negligence of the defendant, and that plaintiff suffered some injury. Defendant denied that the injuries were of the nature and extent alleged in the petition. Defendant further denied each and every

other allegation of plaintiff's petition. The case was tried to a jury, a verdict of $8,000 was rendered for plaintiff, and defendant appeals.

The evidence discloses that plaintiff, a farmer, 78 years of age, was driving his automobile east on Court Street in Beatrice, Nebraska, when his car was struck from the rear. The plaintiff had no recollection between the time he lost his grip on the steering wheel and awakening in a hospital.

The witness Waltke, a police officer, testified that he arrived at the scene of an accident at about 1:25 p.m. on May 22, 1965, on Court Street in Beatrice, Nebraska. The officer identified a newspaper photograph, exhibit 3, as the automobile of the defendant, and exhibit 4 as a photograph of plaintiff's automobile. The exhibits show the defendant's car resting against a shattered utility pole and substantial damage to the front end of the car. The damage to the plaintiff's car is also substantial and confined to the rear of the vehicle. The officer testified that the plaintiff was lying on the shoulder of the street 28 paces from where plaintiff's automobile had stopped. Debris was scattered over the highway west of the plaintiff's car. The beginning point of the debris was 375 feet from the point where the defendant's car stopped. Plaintiff's hat was caught in the left rear door of his car. Plaintiff was conscious, but was lying down and in an excited state. Plaintiff was taken to a hospital for treatment of injuries.

The first assignment of error relates to the admission in evidence of photographs of the automobiles of the parties. The defendant contends that the photographs were admitted to show force of the collision and were immaterial, as the answer admitted negligence and that such negligence was the proximate cause of the accident. The defendant cites Patras v. Waldbaum, 170 Neb. 20, 101 N. W. 2d 465, in support of his theory. In that case, this court held that admission in evidence of two photographs of the automobile was error, since the de-

fendant had admitted negligence and the nature of the injuries suffered; the only dispute being the condition of the plaintiff at the time of the trial, and whether his then condition flowed from the accident or in whole or in part from congenital causes. The court cited as authority 32 C. J. S., Evidence, § 709, p. 986.

The defendant, in his amended answer, admitted "that said accident was proximately caused by the negligence of * * * defendant," and "that said plaintiff suffered some injury in said accident *but specifically denies* that said injuries are of the character and extent alleged." (Italics supplied.) An admission of liability for an accident does not constitute an admission that all damages claimed by a plaintiff, even though undisputed in the record, were the proximate result of the collision. Cooper v. Hastert, 175 Neb. 836, 124 N. W. 2d 387. Proximate cause is an issue in the instant case. Defendant disputed the claimed injuries in his pleadings and at the trial. The photographs were relevant to show the nature of the contact and its force. To have refused to admit them would deny to the jury evidence helpful in resolving the issue of the injuries the plaintiff sustained and their nature and character. The trial court properly admitted the photographs.

The second assignment of error relates to Instruction No. 2, which reads as follows: "Before the plaintiff can recover against the defendant in this action the burden is upon the plaintiff to prove, by a preponderance of the evidence, each and both of the following propositions: 1. That as a proximate result of the accident of the automobiles involved in this case the plaintiff sustained injuries and damages; and 2. The extent of the damages, if any, which the plaintiff has sustained. If the plaintiff has established both of the foregoing propositions, by a preponderance of the evidence, then your verdict should be for the plaintiff." The defendant complains that this instruction fails to inform the jury as to what its verdict should be in the event the evidence is equally balanced

or preponderates in favor of the defendant.

In Fitzsimons v. Frey, 153 Neb. 124, 43 N. W. 2d 531, the trial court instructed the jury that: "You are instructed that before the plaintiff can recover in this action, she must prove, by a preponderance of the evidence, all of the material allegations of her amended petition. Therefore, the burden is on the plaintiff to prove, by a preponderance of the evidence * * *. If the plaintiff has established both of said propositions by a preponderance of the evidence, then your verdict should be for the plaintiff. On the other hand, if you believe, from a preponderance of the evidence, that the plaintiff has failed to establish said propositions, your verdict should be for the defendant." This court held that there was "no language in the instruction that informs the jury to whom the verdict should go in the event the evidence was equally balanced, or in the event the evidence preponderates in favor of the defendant," and was error, and accordingly reversed the judgment.

In Ficke v. Gibson, 153 Neb. 478, 45 N. W. 2d 436, this court held that an instruction that the burden was on the plaintiff to prove by a preponderance of evidence the negligence charged in the petition and that such negligence was the proximate cause of plaintiff's injuries, to entitle plaintiff to recover, without further instructing the jury "of what their verdict should be if the appellee has not sustained this burden," was prejudicial.

In Kristufek v. Rapp, 154 Neb. 343, 47 N. W. 2d 923, an instruction stated: "If the plaintiff has established all of the foregoing propositions by a preponderance of the evidence, then your verdict should be for the plaintiff and against the defendant. If, however, the plaintiff has failed to establish any one of the foregoing propositions by a preponderance of the evidence, then he cannot recover and your verdict should be for the defendant." This court held that the plain import of the instruction was that if the evidence is evenly balanced the verdict should be for the defendant, and that the instruc-

tion met the standard required in Ficke v. Gibson, *supra,* in that the jury was informed as to what its verdict should be if plaintiff failed to prove one or more of the necessary allegations of his petition.

In Danner v. Walters, 154 Neb. 506, 48 N. W. 2d 635, the appellant assigned as error the trial court's failure to inform the jury as to whom the verdict should go in the event the evidence was evenly balanced, or in the event that the evidence preponderated in favor of the defendant. This court held: "An instruction, which correctly advises the jury that the plaintiff must prove all the material elements of his case by a preponderance of the evidence and that if it fails to so establish any one of them the verdict should be for the defendant, is not erroneous in that it fails to inform the jury as to what their verdict should be if the evidence was evenly balanced."

The trial court did not give a general instruction on the burden of proof in Omey v. Stauffer, 174 Neb. 247, 117 N. W. 2d 481, but referred to the greater weight of the evidence and defined the same. We held the failure to instruct the jury as to what the verdict should be in the event the evidence was evenly divided or preponderated in favor of the defendant was prejudicial.

Here, the defendant admitted liability for the accident, but denied all other matters alleged in the petition. The defendant, however, did not dispute the amount of certain repair and medical bills, nor question that these items of expense were the proximate result of the defendant's negligence. Thus, the trial court could properly have directed a verdict for the plaintiff as to these matters. The jury then could not have properly found for the defendant. As to the matters principally in dispute, the injuries suffered by the plaintiff and their nature and extent, the question presents itself that whether the instruction, urged by the defendant, is necessary for the guidance of the jury, or, whether, as urged by the plaintiff, the jury was sufficiently informed as to

what the jury should do if it found as to any particular element of damages in dispute did not preponderate in favor of the plaintiff. We hold that, with reference to the fact situation here presented, the jury was sufficiently instructed and that the rule in the line of cases commencing with Fitzsimons v. Frey, *supra,* does not apply.

The defendant's next assignment of error relates to the cross-examination of plaintiff's medical witness. On direct examination, the plaintiff's physician testified that, in examining the plaintiff, he discovered a shakiness of plaintiff's right hand. On cross-examination, the physician testified that he diagnosed plaintiff's condition as Parkinson's disease, and, in his opinion, this was not related to the accident in question. The defendant's counsel asked how the Parkinson's disease would manifest itself and the effect it would have on the plaintiff. Objection to the question as outside the scope of the direct examination was sustained. We think this was erroneous. The plaintiff's evidence as to his physical condition at the time of the trial was offered for the obvious purpose of influencing the jury as to the injuries sustained by the plaintiff and their duration. The physician's testimony was offered to corroborate and support the plaintiff. Evidence that the claimed results of injuries are, in fact, the symptoms of an unrelated disease is manifestly relevant, and the error resulting from the denial of such inquiry by the defendant's counsel on cross-examination is prejudicial. See, Larson v. Hafer, 105 Neb. 257, 179 N. W. 1013; Zimmerman v. Lindblad, 154 Neb. 453, 48 N. W. 2d 415.

The defendant further complains of the trial court's failure to instruct the jury that it should make no award for future pain and suffering. In its instruction, the trial court informed the jury that it could make an award for conscious mental and physical pain and suffering which he (the plaintiff) *may have sustained.* The defendant cites no authority for the point that the trial

court must negate future pain and suffering when it has instructed as to the allowance of pain already sustained. The assignment is without merit.

The remaining assignments of error as to the alleged excessiveness of the award and misconduct on the part of a member of the jury do not need to be discussed, in view of the disposition of this case.

REVERSED AND REMANDED.