CHARLES L. TERRY, APPELLANT, V. WALLACE E. DUFF, M.D.,
APPELLEE.
516 N.W.2d 591

Filed May 27, 1994.    No. S-92-698.

Michael J. Lehan, of Kelley & Lehan, P.C., and Ivory Griggs
for appellant.

David D. Ernst, of Gaines, Mullen, Pansing & Hogan, for
appellee.

HASTINGS, C.J.,    BOSLAUGH,    WHITE,    CAPORALE,
FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

FAHRNBRUCH, J.
Charles L. Terry appeals a jury verdict that disallowed his

medical malpractice claim against Wallace E. Duff, M.D. In his lawsuit, Terry alleged that Duff negligently performed sinus surgery upon him. The surgery was intended to relieve Terry's breathing difficulty.

We vacate the judgment of the district court for Douglas County and remand the cause for a new trial.

## FACTS

In his March 7, 1990, petition, Terry alleged that, as a result of Duff's surgery, he suffers from (1) a total loss of smell, taste, and ability to blow his nose and clear his sinus; (2) headaches, nausea, diarrhea, inability to sleep, and work deterioration; and (3) total unemployability.

Duff answered, generally denying Terry's allegations of negligence. Following a trial and in accordance with the verdict of the jury, the trial court dismissed Terry's petition. Terry timely appealed to the Nebraska Court of Appeals. Under our authority to regulate the caseloads of the appellate courts of this state, we removed the matter to this court.

## ASSIGNMENTS OF ERROR

On appeal, Terry alleges that the trial court erred in (1) allowing the jury to receive expert medical opinions based upon documents which were created by Duff and which did not have any of the traditional indicia of reliability accorded medical records; (2) giving a jury instruction which required the jury to find Duff negligent on all allegations before returning a verdict for Terry, and failing to give NJI2d Civ. 2.01 as requested; and (3) overruling Terry's motion for new trial.

## ANALYSIS

We note at the outset that a proper bill of exceptions has never been filed with the Clerk of this court. The original bill of exceptions apparently was lost at some point after both appellant's counsel and appellee's counsel used it in preparation of their briefs.

The records of the clerk of the district court indicate that the record was checked out to appellant's counsel. However, it is agreed by both parties that appellant's counsel then transferred the record to appellee's counsel rather than checking the record

back into the clerk's office. Counsel for the appellee has now filed an affidavit in this court stating that an employee of that counsel's law firm believes he checked the record in to the clerk of the district court. The clerk of the district court has advised that, after a diligent search, the record cannot be found.

The parties have filed with the Clerk of this court a substituted "bill of exceptions" consisting of seven volumes of trial testimony and three volumes of duplicate exhibits. The duplicate bill has not been certified, nor has it been filed with the clerk of the district court. Moreover, the bill is incomplete because 11 of the original exhibits are missing. According to the parties, those 11 exhibits either cannot be located or cannot be duplicated.

A bill of exceptions is required to have a court reporter's certificate immediately following the index in the first volume of the bill of exceptions. See Neb. Ct. R. of Prac. 5F(2) (rev. 1992). If a bill of exceptions cannot be prepared and certified by a court reporter, it must be prepared under the direction of, and certified by, the trial judge. See Neb. Ct. R. of Prac. 5C(3) (rev. 1992). The certified copy of the bill of exceptions must then be filed with the clerk of the district court. See rule 5C(2). Upon such filing with the clerk of the district court, the bill of exceptions then becomes the official bill of exceptions. See rule 5C(4).

We have neither an official nor a complete bill of exceptions before this court. Because we are unable to determine with certainty whether it was through the fault of the office of the district court or one of the parties that a complete and proper bill of exceptions, including all exhibits, is unavailable to this court, we vacate the judgment of the district court and remand the cause to that court for a new trial.

We take this opportunity to remind all clerks of the district courts that once a bill of exceptions has been properly filed with the clerk of a district court, it is the duty of that clerk to "file the bill of exceptions in the office of the Clerk of the Supreme Court within 5 days after a case has been placed on the Supreme Court's proposed call for argument, or at such earlier time as the Clerk of the Supreme Court may request." Rule 5C(4).

It being the unquestionable duty of the clerk of a district

court to present a bill of exceptions to the clerk of an appellate court, it is mandatory that the clerk maintain an accurate record of when a bill of exceptions is checked out and checked back in, and by whom. In this way, it can be determined who should pay the cost of a new trial when the bill of exceptions is missing through the fault of one of the parties. An appellate court should rely upon the record kept by the clerk of the district court in determining who pays new trial costs unless there is clear and convincing evidence that the clerk's record is in error.

## CONCLUSION

There being no official and complete bill of exceptions before this court, we vacate the judgment of the district court and remand this cause to the district court for a new trial.

JUDGMENT VACATED, AND CAUSE
REMANDED FOR A NEW TRIAL.