GENE GERDES, APPELLANT, V. KLINDT'S, INC., A MINNESOTA CORPORATION, ET AL., APPELLEES.

525 N.W.2d 219

Filed January 6, 1995.   No. S-93-384.

John W. DeCamp and Stanford L. Sipple, of DeCamp Legal Services, P.C., for appellant.

George M. Zeilinger, of Zeilinger Law Office, for appellee Marvin Stumpf.

HASTINGS, C.J., WHITE, CAPORALE, LANPHIER, and WRIGHT, JJ., and HOWARD, D.J., Retired.

WRIGHT, J.

Gene Gerdes obtained a default judgment against Melvin Klindt and Klindt's, Inc. (Klindt), for the value of seed grain

allegedly delivered to a third party, Marvin Stumpf. The default judgment was awarded after Klindt issued an insufficient-fund check to pay for the seed grain. Gerdes then attempted to collect on the default judgment by instituting garnishment proceedings against Stumpf. The garnishment was quashed, and a verdict was directed in Stumpf's favor. Gerdes appeals. We reverse the judgment, and remand the cause for a new trial.

## SCOPE OF REVIEW

It is not the trial court's prerogative to decide what the trial record shall be. Upon request, a litigant is entitled to a verbatim record of anything and everything which is said by anyone in the course of judicial proceedings; it is the duty of the court reporter to make such a record, and it is the obligation of the trial court to see to it that the reporter accurately fulfills that duty. *Holman v. Papio-Missouri River Nat. Resources Dist.*, 246 Neb. 787, 523 N.W.2d 510 (1994).

## FACTS

Gerdes filed a petition in Box Butte County District Court, alleging that Klindt delivered to Stumpf registered seed grain valued at $28,550. Klindt's check for that amount, issued on July 10, 1992, was returned for insufficient funds. In his petition, Gerdes alleged that Klindt refused to make payment for the amount of the check and that, as a result, Gerdes had incurred banking and other costs. Gerdes also alleged that Stumpf had been and was in possession of the seed grain and that Stumpf had planted and cultivated it in contract with Klindt. Gerdes sought judgment in the amount of $28,550 plus interest, special damages, and an injunction against the sale of crops which resulted from the seed grain in question. The district court granted Gerdes' motion for a default judgment against Klindt on November 10, 1992. In an attempt to collect the judgment, Gerdes filed a motion seeking garnishment against Stumpf. Subsequently, the case was transferred to Perkins County District Court. On April 2, 1993, the district court sustained Stumpf's motion for a directed verdict quashing the garnishment. Gerdes filed a notice of appeal and praecipes for a transcript and a bill of exceptions.

## ASSIGNMENT OF ERROR

Gerdes alleges that the district court erred when it found that the garnishee, Stumpf, was not indebted to or in possession of property of the judgment debtor, Klindt.

## ANALYSIS

Gerdes' praecipe for a bill of exceptions requested a transcript of the testimony taken on April 2, 1993, and all exhibits received at that hearing. However, the bill of exceptions does not contain a record of the April 2 hearing, at which the district court sustained Stumpf's motion for a directed verdict. The bill of exceptions contains only three exhibits, none of which is a transcript of the actual court proceedings. The district court has filed with this court a certificate noting that neither party requested a court reporter prior to the date of the hearing and that it is the policy in that judicial district that a court reporter is not available unless specifically requested in advance. Nothing in the record establishes that Gerdes affirmatively waived recording of the proceeding.

The rules relating to official court reporters provide that the court reporter shall make a verbatim record of "[t]he testimony or other oral proceedings," regardless of whether a request has been made by the court, counsel, or any party. See Neb. Ct. R. of Official Ct. Rptrs. 4b(2) (rev. 1992). "[B]y providing in rule 4b(2) that the court reporter shall make a verbatim record of '[t]he testimony or other oral proceedings,' we intend that any portion of the proceedings . . . shall be recorded by the court reporter." *Kennedy v. Kennedy*, 221 Neb. 724, 730, 380 N.W.2d 300, 304 (1986). Rule 4b does not limit the making of verbatim records to trial proceedings; however, records of pretrial and posttrial matters are made only at the request of counsel.

In *Holman v. Papio-Missouri River Nat. Resources Dist.*, 246 Neb. 787, 789, 523 N.W.2d 510, 514 (1994), we held:

> [I]t is not the trial court's prerogative to decide what the trial record shall be. Upon request, a litigant is entitled to a verbatim record of anything and everything which is said by anyone in the course of judicial proceedings; it is the duty of the court reporter to make such a record, and it is

the obligation of the trial court to see to it that the reporter accurately fulfills that duty.

If a bill of exceptions cannot be prepared and certified by a court reporter, it must be prepared under the direction of, and certified by, the trial judge. See, *Terry v. Duff*, 246 Neb. 11, 516 N.W.2d 591 (1994); Neb. Ct. R. of Prac. 5C(3) (rev. 1992). In the present case, no bill of exceptions was prepared or certified by the trial judge.

The rules relating to official court reporters do not allow the exercise of discretion in recording testimony or other oral proceedings. No request for a recording is required. Heretofore, we held that it was the responsibility of the trial court to ensure that all testimony or other oral proceedings are recorded by a court reporter, unless both parties affirmatively waive recording and such waiver is consented to by the trial court. See, *Holman, supra*; Neb. Ct. R. of Official Ct. Rptrs. 4c (rev. 1992). The record does not indicate that the parties waived recording of the hearing. Henceforth, all evidentiary proceedings shall require the presence of a court reporter who shall make a verbatim record of the proceedings, and such recording may not be waived by the court or the parties.

The judgment of the district court is reversed, and the cause is remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.