CONNIE LOCKENOUR, AS MOTHER AND NEXT FRIEND OF ANDREW DOROTHY, A MINOR CHILD, APPELLEE, V. JOE SCULLEY, A MINOR CHILD, BY AND THROUGH HIS GUARDIAN AND MOTHER, ELLA MAE SCULLEY, APPELLANT.

592 N.W. 2d 161

Filed April 6, 1999.   No. A-98-707.

John H. Marsh, of Knapp, Fangmeyer, Aschwege, Besse & Marsh, P.C., for appellant.

No appearance for appellee.

HANNON, SIEVERS, and CARLSON, Judges.

SIEVERS, Judge.

This case addresses the ability of an appellate court to review the appropriateness of a protection order entered against a minor when the appellate court's record lacks a bill of exceptions of the evidentiary proceedings in the district court.

## BACKGROUND

On April 29, 1998, Connie Lockenour filed an application and affidavit for a protection order in the district court for Dawson County, Nebraska. The preprinted form indicated that Lockenour was filing on behalf of her 13-year-old son, Andrew Dorothy. The application was filed against a classmate of Andrew's at Lexington Junior High School, Joe Sculley. In section 4 of the application, Lockenour indicated that her relationship to Sculley was that of "[a]n unrelated person who has willfully and maliciously harassed me and has engaged in a knowing and willful course of conduct directed at me which seriously terrifies, threatens, or intimidates me and serves no legitimate purpose." The application then states, in what we assume is Lockenour's handwriting, that "he works for our neig[h]bor and in Andrew['s] School & Classes at Lex Jr. High."

Section 6 of the application requests a brief description of the facts surrounding "the most recent incident(s) of abuse or harassment." Lockenour alleged that on April 28, 1998, Sculley harassed and bullied Andrew by kicking, hitting, and punching him. She also stated that Sculley threatened Andrew by sticking a pen in his face. Lockenour further alleged that on April 9 or

10, Sculley threatened Andrew with "greater Physical harm." These incidents were recounted on the form which she signed under oath.

On May 1, 1998, the district court issued an ex parte protection order against Sculley pursuant to Neb. Rev. Stat. § 42-924 (Reissue 1993), which was to remain in effect for a period of 1 year from the date of the order. The order stated: "The respondent may request a hearing within five (5) days after service of a copy of this order by filing a written request for hearing with the clerk of the district court. This order shall remain in effect during the time prior to the hearing." There is no written request for a hearing included in our record. Nor does the praecipe for transcript indicate that Sculley requested that such document be included in the record on appeal. Further complicating matters is the fact that there is no bill of exceptions of a later hearing. However, we can infer, from certain documents included in the transcript, that a hearing was indeed held on May 22. A second protection order, filed May 27, 1998, states:

> This matter came on before the Court, pursuant to Neb. Rev. Stat. Section 42-924, upon the application of the petitioner. The petitioner (❏ was) (❏ was not) present in court. The respondent (❏ did) (❏ did not) appear. *Evidence was adduced*, and the Court, being fully advised, finds that this court has jurisdiction of the parties and subject matter of this action.

(Emphasis supplied.) Also, in his praecipe for a bill of exceptions, Sculley requests that the bill "contain a record of any and all proceedings, exhibits and testimony given or offered at the Protection Order hearing on May 22, 1998." From the above information and the issuance of a second protection order, we infer that Sculley requested and was granted the hearing mentioned in the May 1 order. The second protection order upheld the order issued on May 1, stating that it was to remain in effect for 1 year, or until May 1, 1999.

Sculley filed a motion for new trial on June 1, 1998. According to the trial docket sheet, this motion was overruled on June 24. Sculley then filed his notice of appeal on July 9. An order overruling the motion for new trial was filed on July 30. We note that jurisdiction is proper under Neb. Rev. Stat.

§ 25-1912 (Cum. Supp. 1998), which provides that a notice of appeal filed after the trial court announces its decision upon the motion terminating the running of the 30 days in which to appeal, but before the entry of the order, is treated as filed on the date of and after the entry of the order.

## ASSIGNMENTS OF ERROR

Sculley argues that the district court erred (1) in not making a verbatim record of the evidentiary proceedings, (2) in entering a protection order against a minor without appointing a guardian, and (3) in overruling a motion for new trial. Sculley also argues that there was insufficient evidence to support the entry of a protection order.

## STANDARD OF REVIEW

A protection order pursuant to § 42-924 is analogous to an injunction. *Devor v. Devor*, 7 Neb. App. 549, 584 N.W.2d 670 (1998). The granting or denial of an injunction is reviewed on appeal de novo on the record. *Vaccaro v. City of Omaha*, 6 Neb. App. 410, 573 N.W.2d 798 (1998). In a de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court, but where the credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the circumstances that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Devor, supra.*

## ANALYSIS

Sculley argues that the "judgment must be reversed" because the court failed to make a verbatim record of the proceedings. Brief for appellant at 11. Neb. Ct. R. of Prac. 5A(1) (rev. 1996) provides:

> The official court reporter shall in all instances make a verbatim record of the evidence offered at trial or other evidentiary proceeding, including but not limited to objections to any evidence and rulings thereon; oral motions; and stipulations by the parties. This record may not be waived.

In reviewing the decision of a lower court, an appellate court considers only evidence included within the record. *State*

*v. Price*, 252 Neb. 365, 562 N.W.2d 340 (1997). Meaningful appellate review requires a record that elucidates the factors contributing to the lower court judge's decision. *Norwest Bank Neb. v. Bellevue Bridge Comm.*, 7 Neb. App. 750, 585 N.W.2d 505 (1998). In this case, there is no record of what transpired at the hearing which resulted in the granting of the second protection order on May 27, 1998. Appellate review of whether the second protection order should have been entered is obviously not possible.

■ There can no longer be any dispute over the responsibility to preserve and produce the evidentiary record. The responsibility for producing the record of a judicial proceeding is the trial court's. *Gerdes v. Klindt's, Inc.*, 247 Neb. 138, 139, 525 N.W.2d 219, 220 (1995), holds:

> It is not the trial court's prerogative to decide what the trial record shall be. Upon request, a litigant is entitled to a verbatim record of anything and everything which is said by anyone in the course of judicial proceedings; it is the duty of the court reporter to make such a record, and it is the obligation of the trial court to see to it that the reporter accurately fulfills that duty.

Included in our transcript is the sworn affidavit of Robert B. Miller, the official court reporter for the Dawson County District Court. The affidavit states:

> I received a copy of a Praecipe for Bill of Exceptions filed on July 6 19, 1998; that after a search of my notes, files and records, I find no stenotype notes were made, nor any exhibits received in [this] case . . . . Further, that no stenotype notes, exhibits or other record concerning any hearing in this case presently exist in my possession, to the best of my belief and knowledge. . . .

In *Gerdes, supra*, the district court had filed with the Nebraska Supreme Court a certificate noting that neither party had requested a court reporter prior to the date of the hearing. The certificate also stated that it was the policy in that judicial district that "a court reporter is not available unless specifically requested in advance." *Gerdes*, 247 Neb. at 140, 525 N.W.2d at 221. However, nothing in the record established that Gerdes affirmatively waived a recording of the proceeding. The

Supreme Court, in reversing and remanding for a new trial, held:

> The rules relating to official court reporters do not allow the exercise of discretion in recording testimony or other oral proceedings. No request for a recording is required. Heretofore, we held that it was the responsibility of the trial court to ensure that all testimony or other oral proceedings are recorded by a court reporter, unless both parties affirmatively waive recording and such waiver is consented to by the trial court. [Citations omitted.] The record does not indicate that the parties waived recording of the hearing. *Henceforth, all evidentiary proceedings shall require the presence of a court reporter who shall make a verbatim record of the proceedings, and such recording may not be waived by the court or the parties.*

(Emphasis supplied.) *Gerdes*, 247 Neb. at 141, 525 N.W.2d at 221.

 The failure to make a verbatim record in the instant case prevents this court from reviewing the district court's decision to extend the protection order against Sculley until May 1, 1999. Parties are entitled to the benefits afforded them by court rules. *Kennedy v. Kennedy*, 221 Neb. 724, 380 N.W.2d 300 (1986). Sculley is entitled to have this court review the action of the lower court. When an evidentiary hearing is held in a protection order matter, a verbatim record shall be made. Our inability to review this matter to determine the propriety of the 1-year protection order is due to error by the trial court, and the result is mandated by *Gerdes, supra*.

## CONCLUSION

Accordingly, we reverse the district court's order extending the protection order. Protection orders are transitory, and this one ceases to be effective as of May 1, 1999, a date soon to pass. This fact together with the absence of any prohibition against refiling for another order causes us to vacate the protection order without a remand for further proceedings.

 Although we reverse on the basis that there was no verbatim record, we briefly touch upon Sculley's argument that the district court erred in entering a protection order against a minor

without appointing a guardian for the suit. Sculley cites to Neb. Rev. Stat. § 25-309 (Reissue 1995), which states in part: "Except as provided by the Nebraska Probate Code, the defense of an infant must be by a guardian for the suit, who may be appointed by the court in which the action is prosecuted, or by a judge thereof, or by a county judge." See *Peterson v. Skiles*, 173 Neb. 470, 113 N.W.2d 628 (1962). See, also, *Omey v. Stauffer*, 174 Neb. 247, 117 N.W.2d 481 (1962) (holding that guardian ad litem for minor defendant in personal injury action is entitled to allowance of reasonable compensation for services to be taxed as costs). Thus, Sculley's point that the district court should have appointed a guardian is well taken.

REVERSED AND VACATED.