THE STROMSBURG BANK, STROMSBURG, NEBRASKA, A CORPORATION, APPELLEE, V. ROY NUTTELMAN ET AL., APPELLANTS, DENNIS NUTTELMAN ET AL., APPELLEES.

358 N.W.2d 746

Filed November 30, 1984.   No. 83-908.

Roy Nuttelman and Cecilia Nuttelman, pro se.

James E. Papik of Mills Law Offices, for appellee Stromsburg Bank.

BOSLAUGH, HASTINGS, CAPORALE, and GRANT, JJ., and COLWELL, D.J., Retired.

CAPORALE, J.

Plaintiff-appellee, The Stromsburg Bank, brought an action against the defendants-appellants, Roy Nuttelman and his wife,

Cecilia Nuttelman, and others having an interest in certain real estate, seeking to set aside its conveyance by the Nuttelmans and a subsequent mortgage thereof on the ground that the transactions were fraudulent as to the bank. Following the entry of a summary judgment in the bank's favor, the Nuttelmans filed a notice of appeal to this court. We affirm.

The judgment recites that evidence was adduced at the hearing had on the bank's motion for summary judgment. Based upon that evidence, the trial court specifically found that no genuine issues of material fact existed and that the bank was entitled to judgment as a matter of law. It accordingly found, ordered, adjudged, and decreed that the conveyance and mortgage in question were each fraudulent as to the bank, and each of them was set aside as null and void. The trial court then declared the real estate subject to execution for the satisfaction of a judgment previously obtained by the bank against Roy Nuttelman in another case.

No bill of exceptions containing the proceedings had on the bank's motion for summary judgment has been filed. The absence of a bill of exceptions, it being the only vehicle for bringing evidence to this court, results in the presumptions that the evidence sustains the trial court's finding that there was no genuine issue as to any material fact and that the case was correctly decided. *Scarpello v. Continental Assur. Co.*, 187 Neb. 395, 191 N.W.2d 444 (1971). The only issue which will be considered on appeal of a summary judgment in the absence of a bill of exceptions is the sufficiency of the pleadings to support the judgment. *Scarpello, supra.* See, also, *Snyder v. Nelson*, 213 Neb. 605, 331 N.W.2d 252 (1983).

The bank's petition alleges facts which, if true, would make the conveyance and mortgage fraudulent as to the bank and render each of them null and void as to the bank. Consequently, the presumptions which operate as aforesaid support the summary judgment, notwithstanding the fact that such a judgment is an extreme remedy which may properly be granted only where there exists no genuine issue as to any material fact, the ultimate inferences to be drawn from those facts are clear, and the moving party is entitled to judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Reissue 1979); *Straub v. American*

*Bowling Congress, ante* p. 241, 353 N.W.2d 11 (1984); *Interholzinger v. Estate of Dent*, 214 Neb. 264, 333 N.W.2d 895 (1983).

AFFIRMED.