ROBERT B. COLLINS, APPELLANT, V. BAKER'S SUPERMARKETS, INC., A NEBRASKA CORPORATION, APPELLEE.

389 N.W.2d 774

Filed July 3, 1986. No. 85-411.

James B. Miller of Gunderson, Abrahamson, Grewe & Miller, for appellant.

George C. Rozmarin of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Appellant, Robert B. Collins, an employee, filed a petition on October 5, 1984, against his employer, appellee Baker's Supermarkets, Inc., a Nebraska corporation. Two causes of action were pled. The second was later dismissed. The remaining cause of action alleged that Collins was wrongfully discharged by Baker's after taking a lie detector test, in violation of Neb. Rev. Stat. § 81-1932(7) (Reissue 1981), in that Collins was required to work for a lesser salary as a store clerk rather than at his prior positions of assistant store manager and part-time floorwalker. Baker's moved for summary judgment, which the court granted. Collins' motion for new trial was overruled, and he now timely appeals to this court.

Collins asserts that the trial court erred by finding (1) that

Baker's could terminate Collins' employment without incurring liability under § 81-1932, (2) that Baker's did not terminate Collins' employment as a matter of law, and (3) that there was no issue of material fact and that Baker's was entitled to judgment as a matter of law. We affirm.

Baker's motion for summary judgment was submitted to the court on Collins' petition, Baker's answer, and the depositions of Collins and three other persons. While the pleadings are before us, no bill of exceptions has been filed, and our decision is, therefore, based on a consideration of the pleadings only. The responsibility for filing the bill of exceptions is that of the appellant. When, on appeal, this court is asked to review errors which require a consideration of the evidence, we cannot give such errors consideration in the absence of a bill of exceptions. *Taylor v. Wallesen*, 222 Neb. 411, 384 N.W.2d 270 (1986). The dispositive question before us, however, can be considered by this court without the depositions constituting the bill of exceptions, because there is no disagreement between the parties as to the controlling facts as set out in the pleadings.

Those facts are as follows. Collins was hired by Baker's in 1969. He started as an assistant manager at Baker's 90th and Fort store in Omaha, Nebraska, in 1976. He was later transferred as assistant manager to the 50th and Ames store in Omaha. From 1978 to November 11, 1983, Collins also was employed in the 50th and Ames store, and other Baker's stores, as a part-time floorwalker, and worked about 10 hours per week at that job. Money shortages were discovered during the time from October 1980 to October 1983 at the 50th and Ames store. Collins was relieved of his position as assistant manager and floorwalker, after he submitted to a polygraph examination, on November 11, 1985. On November 14, 1985, Collins' employment with Baker's was continued as a store clerk at another store, where he earned a salary of $9.85 per hour, or $394 per week, rather than as an assistant manager and floorwalker for $565 per week and $6.50 per hour, respectively.

We have recently reiterated the rule regarding the standard for determining whether summary judgment is appropriate. In *Hassett v. Swift & Co.*, 222 Neb. 819, 823, 388 N.W.2d 55, 58 (1986), we stated:

A summary judgment may be rendered if the pleadings, depositions, admissions, and affidavits together reveal that there is no genuine issue as to a material fact, that the ultimate inferences to be drawn from those facts are clear, and that the moving party is entitled to judgment as a matter of law.

We have stated that "in deciding if any real issue of fact exists, [the court is] required 'to take the view of the evidence most favorable to the party against whom the motion is directed and give that party the benefit of all favorable inferences which may reasonably be drawn from the evidence.' " *Hassett v. Swift & Co., supra* at 824, 388 N.W.2d at 58-59. We hold that there is no genuine issue of material fact. The pleadings show that Collins is still and has been continuously employed by Baker's. Collins admits in his petition that he has been continuously so employed. His present job is one paying far more than minimum wage. The fact that Collins is still with Baker's and had not been terminated is undisputed. Whether one's employment has been terminated is generally a fact question. See, *Palmer v. Capitol Life Ins. Co.*, 157 Neb. 760, 61 N.W.2d 396 (1953); *Bliss v. Equitable Life Assur. Soc. of U.S.*, 620 F.2d 65 (5th Cir. 1980). This fact is undisputed in this case. At page 4 of his brief, Collins argues that it is "a question of fact as to whether the Plaintiff was discharged." We agree, but Collins ignores that in this case there is not a genuine issue, since it is an undisputed fact. There was no genuine issue of material fact left to be determined. The only question remaining was one of law.

That remaining issue is whether, under these facts, Baker's is entitled to judgment as a matter of law. We determine that Baker's is entitled to judgment. The basis of Collins' action is § 81-1932, which provides in part:

No employer . . . may require . . . as a condition for continued employment that a person submit to a truth and deception examination unless such employment involves public law enforcement. This shall not be construed to prohibit such employer from asking an employee or applicant to submit to a truth and deception examination if:

. . . .

    (7) The results of a truth and deception examination are not the sole determinant in the termination of employment.

Section 81-1932 is a criminal statute and must be strictly construed. The plain language of subsection (7) requires that the employee be terminated if § 81-1932 is to form the basis for further action against the employer. We hold that since it is undisputed that Collins was not terminated, there clearly could be no violation of the statute and no resulting liability to Collins.

    We note Collins' argument that the doctrine of constructive discharge is applicable to this situation. We do not agree with that contention, under the facts of this case, where Collins retained a job with Baker's at a substantial, though reduced, wage. Collins was an "at-will" employee. We hold, as a matter of law, that in this case he was not terminated, as he himself admits.

    The judgment of the district court is affirmed.

AFFIRMED.