STATE OF NEBRASKA, APPELLEE, V. MARK A. SLEZAK, APPELLANT.

430 N.W.2d 533

Filed October 21, 1988.    No. 86-1100.

George E. Brugh for appellant.

Robert M. Spire, Attorney General, and Steven J. Moeller for appellee.

HASTINGS, C.J., WHITE, and GRANT, JJ., and CORRIGAN, D.J., and BRODKEY, J., Retired.

PER CURIAM.

Defendant, Mark A. Slezak, was convicted of driving under a suspended license, second offense, in the county court for

Saline County on April 19, 1984. On that date testimony was taken, the defendant's motion to suppress was overruled, and the defendant was found guilty. Sentencing was set for May 3, but the defendant failed to appear and a warrant was issued for his arrest. He was arrested over 2 years later, on May 31, 1986, and sentenced on June 10 to 60 days in jail, a $200 fine, and loss of his license for 2 years.

The defendant filed his notice of appeal on July 7, 1986, requesting in his praecipe for transcript and bill of exceptions that all proceedings in the county court for Saline County be transcribed and filed with the district court for Saline County for review. The request for the bill of exceptions specifically requested a full transcript of the proceedings, including any and all exhibits and testimony offered during the hearings and/or trials held on March 6 and April 19, 1984, and June 10, 1986, before the county court for Saline County. However, the bill of exceptions submitted to the clerk of the district court contained only the transcript of proceedings on June 10, 1986. The district court affirmed the county court, and the defendant has appealed to this court, contending the district court erred.

The defendant argues that he was denied appellate review by reason of the incomplete record and that the district court should have remanded for new trial on the charges against him because he had no opportunity for appellate review.

It is not clear what rules of procedure apply in this case. The appellant filed his request for the bill of exceptions on July 7, 1986. At that time Neb. Rev. Stat. § 24-541.05 (Cum. Supp. 1986), which became effective July 1, 1986, was in effect. Section 24-541.05(4) applies to appeals from county court to district court, and states, "The procedure for preparation, settlement, signature, allowance, certification, filing, and amendment of a bill of exceptions shall be governed by rules of practice prescribed by the Supreme Court."

County court rule 52(II)E (rev. 1987) was finally adopted to govern appeals from county court to district court, and it clearly places the burden on a county court employee. However, this court did not prescribe rule 52(II)E until September 1, 1987. Therefore, at the time the request for the bill of exceptions was filed in this action, no rules specifically applied

to appeals from county court to district court. The only rules established by this court concerning the filing of the bill of exceptions in existence at the time the appellant requested the bill were the rules governing appeals from the district court to the Supreme Court. We believe those provisions are sufficiently analogous to be applicable in this case.

The appellant is required, pursuant to Neb. Ct. R. of Prac. 5A (rev. 1986), to file a request to prepare a bill of exceptions, specifically identifying each portion of the evidence and exhibits that he or she believes to be material. The appellant in this case complied with this requirement. After such a request is filed, the preparation of the bill of exceptions becomes an internal court matter, and it is the duty of the reporter to prepare the original bill of exceptions. (Neb. Ct. R. of Prac. 5C(3) (rev. 1986).)

If the reporter is unable to prepare and certify a bill of exceptions, rule 5C(4) provides:

> If the reporter is unable to prepare and certify a bill of exceptions, or if a bill of exceptions cannot be prepared and certified under provisions contained elsewhere in these rules, the bill of exceptions shall be prepared under the direction and supervision of the trial judge and shall be certified by the judge and delivered to the clerk of the District Court.

The record in this case does not disclose whether the reporter was unable to prepare and certify a bill of exceptions, thus triggering the applicability of rule 5C(4), or whether the bill of exceptions for the 1984 proceedings was inadvertently omitted. In any case, it is the duty of the reporter to ensure that a proper bill of exceptions is prepared for appellate review after one has been properly requested by the appellant.

Cases cited by the appellee placing the responsibility for filing the bill of exceptions on the appellant are not controlling in this case. (*State v. Isikoff*, 223 Neb. 679, 392 N.W.2d 783 (1986); *Collins v. Baker's Supermarkets*, 223 Neb. 365, 389 N.W.2d 774 (1986).) Those cases do not demonstrate whether a proper request in full compliance with rule 5 was given to the court clerk. In contrast, in this case the request was made in full compliance with our court rules.

Therefore, this action is remanded to the district court with directions to order the county court to prepare a proper bill of exceptions for appellate review.

REMANDED WITH DIRECTIONS.