DEANNA JUNE WEATHERWAX, PERSONAL REPRESENTATIVE OF THE ESTATE OF IRVIN L. WEATHERWAX, DECEASED, APPELLANT, V. EQUITABLE VARIABLE LIFE INSURANCE COMPANY AND LEORA M. WEATHERWAX, APPELLEES.

567 N.W.2d 609

Filed July 29, 1997. No. A-96-542.

Rodney A. Osborn, of Dier, Osborn & Cox, P.C., for appellant.

Roger L. Benjamin, P.C., for appellee Leora M. Weatherwax.

MILLER-LERMAN, Chief Judge, and HANNON and IRWIN, Judges.

MILLER-LERMAN, Chief Judge.

## INTRODUCTION

On July 21, 1995, Deanna June Weatherwax, personal representative of the estate of Irvin L. Weatherwax, deceased (Estate), filed an action to obtain the proceeds of a single-premium deferred annuity contract from Equitable Variable Life Insurance Company (Equitable) and Leora M. Weatherwax. Leora is the divorced spouse of Irvin and claims to be the named beneficiary on the above contract, which had been purchased by Irvin prior to his and Leora's divorce.

At some point, Leora moved for summary judgment. A hearing was held on the motion for summary judgment on January 24, 1996. Thereafter, the district court granted Leora's motion for summary judgment and concluded that Leora was entitled to judgment as a matter of law. The Estate's motion for new trial was subsequently denied, and this appeal followed. The motion of Leora to dismiss the appeal for lack of a final, appealable order was denied by this court. See *Green v. Village of Terrytown*, 188 Neb. 840, 199 N.W.2d 610 (1972), and *Green v. Village of Terrytown*, 189 Neb. 615, 204 N.W.2d 152 (1973) (taking these cases together, Nebraska Supreme Court has held that summary judgment in favor of one of several defendants is final, appealable order). We note that the Estate's cause of action against Equitable is not involved in the appeal before us. For the reasons stated below, we reverse, and remand.

## ASSIGNMENTS OF ERROR

The Estate assigns that the district court erred in failing to grant its request for additional time to do further discovery and in granting Leora's motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the

record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Northern Bank v. Pefferoni Pizza Co.*, 252 Neb. 321, 562 N.W.2d 374 (1997); *Vilcinskas v. Johnson*, 252 Neb. 292, 562 N.W.2d 57 (1997). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Vilcinskas, supra*; *Tess v. Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997).

The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Id.* After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party. *Vilcinskas, supra*; *Melick v. Schmidt*, 251 Neb. 372, 557 N.W.2d 645 (1997).

## FACTUAL BACKGROUND

At the hearing on Leora's motion for summary judgment, Leora offered, and the court received, seven exhibits, including a copy of Irvin's death certificate, a copy of a pleading captioned "Request for Production of Documents," a letter and a copy of another letter from an employee of Equitable to the attorneys for the parties enclosing documents purporting to be responsive to a request for production, a copy of Irvin's application for the Equitable policy, a copy of an annuity contract received for the limited purpose of serving as a contract specimen, and the Estate's answers to Leora's request for admissions. In response, the Estate offered a copy of Leora and Irvin's divorce decree and requested that the court take judicial notice of the petition and answer in the case before it. The court received the decree and took judicial notice of the petition and answer.

We review the evidence received at the hearing in the light most favorable to the Estate, giving the Estate the benefit of all

reasonable inferences deducible from the evidence, as we must. See *Vilcinskas, supra.* We take this opportunity to note that the stickers used to identify the exhibits by number at the hearing had fallen off in the intervening year during which the record was transmitted to this court, but we believe from the dialog of the court and counsel that we have reconstructed the record and accurately identified the documents to which the descriptors pertain.

The record shows that on June 5, 1984, Irvin applied to enter into a deferred annuity contract with Equitable. The object of the application was a single-premium contract for which Irvin gave Equitable $17,000. In his application, Irvin named Leora, his wife at that time, as the death benefit beneficiary. According to the specimen contract, a contract holder could change the beneficiary by written notice in a form satisfactory to Equitable and the change would take effect on the date the contract holder signed the notice. The record before us does not contain the actual contract entered into by Irvin with Equitable.

Irvin and Leora were divorced in the district court for Furnas County. A decree of dissolution was entered on October 15, 1986. In the divorce decree, Irvin was "assigned" assets including "life insurance valued at $23,273.00." The parties agree that the "life insurance" assigned to Irvin in the divorce decree was a deferred annuity contract which was obtained as a result of the application noted above. There is nothing in the record showing that Irvin ever changed, or attempted to change, his designation of Leora as the death benefit beneficiary.

On August 3, 1993, Irvin died. Thereafter, upon discovery of the existence of a deferred annuity contract, the Estate instituted the present suit. As noted above, the contract is not in the record; however, there appears in the record a copy of a periodic statement from Equitable referencing the existence of a contract.

At the hearing, the Estate requested that the court give it an additional 30 days to supplement the record with an affidavit and to take the depositions of Leora and an Equitable representative. The district court denied the Estate's request for further time to conduct discovery.

In an order dated March 15, 1996, the district court concluded that the funds from the contract were the property of

Leora, the designated beneficiary, by operation of law. Therefore, the court granted Leora's motion for summary judgment. The Estate's motion for new trial was subsequently denied, and this appeal followed.

## ANALYSIS

We address whether the district court properly granted Leora's motion for summary judgment. The evidence received at the summary judgment hearing and contained in the record before us includes copies of Irvin's application for the Equitable contract and a specimen contract. These documents show that when Irvin filled out the application, he named Leora as the intended death benefit beneficiary. The specimen contract indicates a procedure by which a contract holder could change the beneficiary. However, the record does not contain the actual contract entered into by Irvin with Equitable. In addition, the record shows that the Estate objected to the admission of the specimen contract, as it was not the actual contract between Irvin and Equitable. The court received the exhibit only as a specimen contract, "as an example of what the contract may have been between Equitable and Irvin." The Estate has never conceded that Leora was the named beneficiary at the time of Irvin's death.

Upon reviewing the evidence in the light most favorable to the Estate, we conclude there are genuine issues of material fact as to the terms and provisions of the actual contract, including the named beneficiary or beneficiaries in the actual contract at the time of Irvin's death and the terms of the contract concerning the methods by which a beneficiary is changed.

Therefore, we must reverse the judgment and remand the cause for further proceedings. Given our disposition of the above assigned error, we need not decide the issue regarding the district court's denial of the Estate's request for additional time to conduct discovery, as further discovery appears inevitable upon remand. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994) (holding that appellate court is not obligated to engage in analysis which is not needed to adjudicate case before it).

REVERSED AND REMANDED.