GLENN SINDELAR, TRUSTEE OF SILVER CREEK FARMS,
ET AL., APPELLANTS, V. HANEL OIL, INC., A NEBRASKA
CORPORATION, APPELLEE.
573 N.W.2d 782

Filed January 13, 1998.    No. A-95-1296.

Charles L. Caskey for appellants.

L.J. Karel, of Karel & Seckman, for appellee.

MILLER-LERMAN, Chief Judge, and HANNON and IRWIN, Judges.

MILLER-LERMAN, Chief Judge.

Glenn Sindelar, as trustee of Silver Creek Farms; Glenn Sindelar; Melvin Sindelar; and Lois Sindelar (Plaintiffs) appeal from the decision of the district court for Colfax County which granted summary judgment to Hanel Oil, Inc. (Hanel), in Plaintiffs' suit against Hanel for damages resulting from Hanel's allegedly delivering contaminated fuel to Plaintiffs. The trial court found Plaintiffs' action time barred, granted Hanel's motion for summary judgment, and dismissed Plaintiffs' case. Plaintiffs appeal. For the reasons recited below, we reverse, and remand for a new hearing on Hanel's motion for summary judgment, which hearing shall be recorded verbatim by the court reporter.

## BACKGROUND

On July 28, 1994, Plaintiffs filed a petition in which they alleged that Hanel had sold them contaminated diesel fuel. Plaintiffs alleged that the contaminated fuel caused filter plugging and pump and injection problems in Plaintiffs' diesel engines, with resulting total damages of $9,235.20 and loss of use totaling $3,200. In addition, Plaintiffs asked for an adjustment or refund for the cost of the fuel of $1,000.

On August 29, 1994, Hanel demurred to Plaintiffs' petition. The court overruled the demurrer. Hanel filed an answer in which it claimed that all or part of Plaintiffs' cause of action was barred by the statute of limitations.

A hearing was held on July 13, 1995, in a "bifurcated trial" on the issue of whether Plaintiffs' action was time barred. The district court's order of August 18 states that, under Neb. Rev. Stat. § 25-224 (Reissue 1995), it found that Plaintiffs' action "is not tolled except for that part of the claim of the plaintiffs in the amount of $413.04 is barred by the said Statute of Limitations." Subsequently, on August 18, Hanel filed a motion for new trial on the issue of the statute of limitations. The motion for new trial was granted on September 18.

On September 15, 1995, Hanel moved for summary judgment. Hanel's motion states that it is based on the pleadings; the answers to interrogatories; the bill of exceptions from the July 13, 1995, hearing; and the bill of exceptions from a 1991 county court trial involving an action on an underlying account brought by Hanel against Melvin Sindelar and Lois Sindelar. On October 16, a hearing was held on Hanel's motion for summary judgment. According to a January 5, 1996, affidavit of the district court reporter, no record was made of the hearing on October 16, 1995, on Hanel's motion for summary judgment.

The district court granted Hanel's motion for summary judgment on November 20, 1995. In its written order entitled "Journal Entry," the court stated that a hearing was held October 16, 1995, and that the parties were represented by counsel. The order further states: "Evidence was offered and received by the Court and following argument of counsel, the said matter was taken under advisement." The court held that the statute of limitations barred Plaintiffs' claim and dismissed their action. Plaintiffs have appealed from the court's grant of summary judgment and dismissal of their action.

## ASSIGNMENT OF ERROR

Plaintiffs' three assignments of error combine to assert that the trial court erred in finding as a matter of law that Plaintiffs' claims were time barred.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Weatherwax v. Equitable Variable Life Ins. Co.*, 5 Neb. App. 926, 567 N.W.2d 609 (1997). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and

must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Id.* After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party. *Id.*

## ANALYSIS

Plaintiffs have appealed from the district court order granting summary judgment in favor of Hanel and dismissing Plaintiffs' case. The trial court's written order of November 20, 1995, states that a hearing was held on October 16, 1995, on the motion for summary judgment and that evidence was offered and received. In connection with their appeal, Plaintiffs filed a praecipe for bill of exceptions in the district court. On May 28, 1996, the Clerk of the Supreme Court and the Court of Appeals received and filed two items. The first item, stamped "Exhibit No. 7" from the hearing of October 16, 1995, is a 29-page transcription of the hearing conducted on July 13, 1995, in the district court entitled "Bill of Exceptions Volume I - Proceedings," which transcription contains argument by counsel; 15 pages of direct testimony by Melvin Sindelar; and references to exhibit 1, the "case file," and exhibit 2, answers to interrogatories, neither of which is included in this first item. The second item, stamped "Exhibit No. 8" from the hearing of October 16, 1995, is the bill of exceptions from a 1991 Colfax County Court proceeding, which contains 58 pages and refers to two exhibits that are not included in this second item. There is no bill of exceptions from the hearing of October 16, 1995, on the motion for summary judgment, which is the subject of this appeal. Exhibits 1 through 6, and 9 and above, if any, from the hearing of October 16, 1995, are not in the record on appeal.

Because of the apparent deficiencies of the record on appeal, this court on its own motion issued an order to show cause on May 29, 1996, asking the parties to procure a bill of exceptions of the October 16, 1995, hearing, or otherwise show cause why the case should not be treated as one where no bill of exceptions has been filed. As noted above, the court reporter has filed an affidavit dated January 5, 1996, in district court in which she

states that no record was made of the October 16, 1995, proceeding. Consequently, with the exception of exhibits 7 and 8 referred to above, there is no record of what evidence was offered, received, and considered with regard to the motion for summary judgment heard October 16, the ruling on which is the subject of this appeal. No response was filed to the order to show cause. This appeal was ordered to proceed to oral argument on September 10, 1996.

■ Affidavits, depositions, and other evidence considered at a hearing on a motion for summary judgment must be preserved in a bill of exceptions filed in the trial court before an order on such a motion may be reviewed. *Vilas v. Steavenson*, 242 Neb. 801, 496 N.W.2d 543 (1993). Without a record, this court is unable to review the propriety of the trial court's ruling sustaining Hanel's motion for summary judgment.

According to the trial court's "Journal Entry" of November 20, 1995, an evidentiary proceeding was held on October 16, 1995, during which evidence was received on Hanel's motion for summary judgment. The existence of "Exhibit No. 7" and "Exhibit No. 8" confirms the occurrence of an evidentiary hearing. However, there is no bill of exceptions or other record of evidence, with the exception of exhibits 7 and 8 from the October 16 hearing. The court reporter's affidavit confirms that no record was made of the hearing of October 16.

Neb. Ct. R. of Official Ct. Rptrs. 3 (rev. 1996) provides in part as follows: "The official reporter shall be charged with making a verbatim record of all proceedings in such court in accordance with Rule 5, Neb. Ct. R. of Prac." Neb. Ct. R. of Prac. 5A(1) (rev. 1996) provides: "The official court reporter shall in all instances make a verbatim record of the evidence offered at trial or other evidentiary proceeding, including but not limited to objections to any evidence and rulings thereon; oral motions; and stipulations by the parties. This record may not be waived." See, also, *Gerdes v. Klindt's, Inc.*, 247 Neb. 138, 525 N.W.2d 219 (1995).

■ Under the rules issued by the Nebraska Supreme Court in accordance with its authority to supervise the courts, the official court reporter is charged with the duty of making a verbatim record of an evidentiary proceeding, and the making of this

record may not be waived. See, Neb. Ct. R. of Official Ct. Rptrs. rule 3; Neb. Ct. R. of Prac. rule 5A(1). In the instant case, the official charged with this responsibility failed to perform the duty imposed by the Supreme Court rules. This failure to make a verbatim record prevents this court from reviewing the trial court's ruling on Hanel's motion for summary judgment, as is sought by Plaintiffs in their appeal.

The parties are entitled to the benefits afforded them by court rules. *Kennedy v. Kennedy*, 221 Neb. 724, 380 N.W.2d 300 (1986). See, also, *State v. Bradley*, 236 Neb. 371, 461 N.W.2d 524 (1990). Plaintiffs are entitled to review of a properly sought appeal before either this court or the Supreme Court. The inability of this court to review this appeal is due to an error by a court official and is not chargeable to the parties. In view of the foregoing, we reverse the trial court's order granting summary judgment in favor of Hanel and dismissing Plaintiffs' petition, and remand with directions that a new hearing on Hanel's motion for summary judgment be conducted, which hearing shall be recorded verbatim by the court reporter.

REVERSED AND REMANDED WITH DIRECTIONS.