GLENN SINDELAR, TRUSTEE OF SILVER CREEK FARMS, ET AL., APPELLANTS, V. HANEL OIL, INC., A NEBRASKA CORPORATION, APPELLEE.

581 N.W.2d 405

Filed July 10, 1998.    No. S-95-1296.

Charles L. Caskey for appellants.

L.J. Karel, of Karel & Seckman, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WRIGHT, J.

## NATURE OF CASE

Hanel Oil, Inc. (Hanel), moved for summary judgment on the basis that the action filed by Glenn Sindelar, as trustee of Silver Creek Farms; Glenn Sindelar; Melvin Sindelar; and Lois Sindelar (the appellants) was time barred. Following a hearing, the district court granted Hanel's motion for summary judgment. However, no record was made of the hearing on this motion. On appeal, relying on Neb. Ct. R. of Prac. 5A(1) (rev. 1996), the Nebraska Court of Appeals found that the failure to make a verbatim record prevented the Court of Appeals from reviewing the district court's ruling on Hanel's motion and that the court's inability to review the appeal was due to an error by a court official and was, therefore, not chargeable to the parties. See *Sindelar v. Hanel Oil, Inc.*, 6 Neb. App. 349, 573 N.W.2d 782 (1998). The Court of Appeals reversed the order granting summary judgment and remanded the cause with directions that a new hearing on Hanel's motion for summary judgment be conducted and recorded verbatim by a court reporter. We granted Hanel's petition for further review.

## SCOPE OF REVIEW

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Ackles v. Luttrell*, 252 Neb. 273, 561 N.W.2d 573 (1997).

## FACTS

On July 28, 1994, the appellants filed a petition, alleging that Hanel sold them contaminated diesel fuel which caused filter

plugging and pump and injection problems in their diesel engines, resulting in total damages of $9,235.20 and loss of use in the amount of $3,200. The appellants also asked for an adjustment or refund for the cost of the fuel in the amount of $1,000.

Hanel filed a demurrer, which was overruled. Hanel then filed an answer which claimed that all or part of the appellants' cause of action was barred by the statute of limitations. A bifurcated trial was held July 13, 1995, on the statute of limitations issue, and the district court entered a partial summary judgment. Hanel timely filed a motion for new trial, which the district court granted.

Subsequently, the district court granted summary judgment in favor of Hanel on the basis that the statute of limitations barred the appellants' claim. The appellants have appealed and timely filed a praecipe for bill of exceptions. An affidavit filed by the district court reporter on January 8, 1996, states that no record was made of the hearing on Hanel's motion for summary judgment. In response to the praecipe for bill of exceptions, the Clerk of the Supreme Court and Court of Appeals received and filed two items: "Exhibit No. 7," a 29-page bill of exceptions of the hearing conducted on July 13, 1995, and "Exhibit No. 8," the bill of exceptions of a May 3, 1991, Colfax County Court proceeding.

On May 29, 1996, the Court of Appeals issued an order to show cause, requesting the parties to procure a bill of exceptions of the hearing on the motion for summary judgment or otherwise show cause why the case should not be treated as one where no bill of exceptions has been filed. No response was filed to the order to show cause.

The case was then argued to the Court of Appeals. In its opinion, the Court of Appeals stated that "[u]nder the rules issued by the Nebraska Supreme Court in accordance with its authority to supervise the courts, the official court reporter is charged with the duty of making a verbatim record of an evidentiary proceeding, and the making of this record may not be waived." *Sindelar*, 6 Neb. App. at 353-54, 573 N.W.2d at 785. The Court of Appeals concluded that the official charged with this responsibility failed to perform the duty imposed by the Supreme Court rules and that the failure to make a verbatim record pre-

vented it from reviewing the district court's ruling on Hanel's motion for summary judgment.

The Court of Appeals held that the appellants were entitled to review of a properly sought appeal and that the court's inability to review this appeal was due to an error by a court official and was, therefore, not chargeable to the parties. Accordingly, it reversed the district court's order granting summary judgment and remanded the cause with directions that a new hearing on Hanel's motion for summary judgment be conducted and that the hearing be recorded by a court reporter.

## ASSIGNMENTS OF ERROR

In summary, Hanel claims that the Court of Appeals failed to recognize existing case law providing that in the absence of a bill of exceptions in a summary judgment proceeding, it is presumed that the evidence sustained the trial court's holding that there was no issue of fact presented at the proceeding and that it was correctly decided, and that the only issue to be heard on appeal is the sufficiency of the pleadings to support the judgment. Hanel also claims that the Court of Appeals' decision failed to take into consideration rule 5B(3)c.

## ANALYSIS

The unique factual circumstances of this case present us with the question of who has the burden to preserve the record for purposes of appeal. The failure of the district court to make a verbatim record prevented the Court of Appeals from reviewing the district court's ruling on the motion for summary judgment. This case emphasizes the problem that occurs when a trial court fails to make a verbatim record at trial or at evidentiary proceedings. See, *Allphin v. Ward*, 253 Neb. 302, 570 N.W.2d 360 (1997); *Gerdes v. Klindt's, Inc.*, 247 Neb. 138, 525 N.W.2d 219 (1995). As will be pointed out, the parties are not left without a remedy in the event that the trial court fails to make a proper record.

Rule 5A(1) provides: "The official court reporter shall in all instances make a verbatim record of the evidence offered at trial or other evidentiary proceeding, including but not limited to objections to any evidence and rulings thereon; oral motions; and stipulations by the parties. This record may not be waived."

In addition, Neb. Ct. R. of Official Ct. Rptrs. 3 (rev. 1996) provides in part: "The official reporter shall be charged with making a verbatim record of all proceedings in such court in accordance with Rule 5, Neb. Ct. R. of Prac."

Once a praecipe for bill of exceptions has been filed, preparation of the bill of exceptions becomes an internal court matter, and it is the duty of the court reporter to prepare the original bill of exceptions. *State v. Slezak*, 230 Neb. 197, 430 N.W.2d 533 (1988). See, also, *State v. Blue*, 223 Neb. 379, 391 N.W.2d 102 (1986). Rule 5B(3)c provides:

> If the reporter is unable to prepare and certify a bill of exceptions, or if a bill of exceptions cannot be prepared and certified under provisions contained elsewhere in these rules, the bill of exceptions shall be prepared under the direction and supervision of the trial judge and shall be certified by the judge and delivered to the clerk of the district court.

The Court of Appeals, on its own motion, issued an order to show cause asking the parties to procure a bill of exceptions or otherwise show cause why the case should not be treated as one where no bill of exceptions had been filed. There was no response to this order, and the parties proceeded to oral argument before the Court of Appeals. Upon the issuing of the order to show cause, it became the responsibility of the appellants to request that the district court prepare such a bill of exceptions. It is incumbent upon the party appealing to present a record which supports the errors assigned. *Allphin v. Ward, supra*; *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. 477, 558 N.W.2d 48 (1997). Rule 5B(3)c provided an avenue for the appellants to require the judge to prepare and certify a bill of exceptions, and thus, the appellants had an opportunity to have a bill of exceptions prepared pursuant to the Court of Appeals' order to show cause and declined to do so.

Given the contents of rule 5B(3)c and the fact that the Court of Appeals issued an order to show cause which was ignored, we consider this case as one where no bill of exceptions had been filed. The absence of a bill of exceptions, being the only vehicle for bringing evidence to an appellate court, results in the presumption that the evidence sustains the trial court's findings

that there was no genuine issue as to any material fact and that the case was correctly decided. The only issue which will be considered on appeal of a summary judgment in the absence of a bill of exceptions is the sufficiency of the pleadings to support the judgment. *Stromsburg Bank v. Nuttelman*, 218 Neb. 687, 358 N.W.2d 746 (1984).

Affidavits, depositions, and other evidence considered at a hearing on a motion for summary judgment must be preserved in a bill of exceptions filed in the trial court before such evidence can be considered during appellate review of the motion. See *Vilas v. Steavenson*, 242 Neb. 801, 496 N.W.2d 543 (1993). The record in this case contains two exhibits. However, without a bill of exceptions to verify whether these exhibits were received into evidence at the hearing on the motion for summary judgment, we cannot consider them. Thus, we review only the pleadings to determine whether they support the judgment.

Although the appellant bears the burden of creating the record on appeal, the appellee also runs the risk that in the absence of a bill of exceptions, the pleadings may not be sufficient to support the judgment. Here, the appellants alleged that Hanel sold them contaminated diesel fuel and that they were damaged as a result. Hanel denied the allegations and alleged that all or part of the purported cause of action was barred by the statute of limitations. Neither the petition nor the answer contained any dates as to when the alleged activities occurred, and as a result, we cannot tell from the pleadings whether the cause of action was actually barred by the statute of limitations. The allegation in Hanel's answer that the statute of limitations had run constitutes a conclusion of law. In our consideration of the sufficiency of the pleadings to support the judgment, we consider only the facts alleged and not the conclusions of the pleader. Therefore, we find that the pleadings are not sufficient to support the summary judgment.

## CONCLUSION

Although the Court of Appeals should have treated this case as one where no bill of exceptions was filed, it reached the correct result. Thus, the decision of the Court of Appeals is affirmed.

AFFIRMED.

CAPORALE, J., concurring.

I write separately because the Nebraska Court of Appeals not only correctly reversed the judgment of the trial court, it properly remanded the cause for a new evidential hearing.

I respectfully suggest that our rule placing the burden upon an appellant to present a record which supports the errors assigned presupposes that the trial court fulfilled its duties to the appellant by, at a minimum, making available the record required by our rules. Here, the trial court failed in its duties not once, but twice.

Not only did the trial court not see to it that its reporter made the nonwaivable record required by Neb. Ct. R. of Prac. 5A(1) (rev. 1996), but after the reporter revealed on June 5, 1996, her dereliction in that regard, the trial court itself failed to supervise the preparation of and certify the bill of exceptions as required by rule 5B(3)c. It must be remembered, after all, that although under the provisions of rule 5B(1)a a copy of the request for the preparation of a bill of exceptions is to be delivered to the court reporter, the request is filed with the clerk of the trial court. An appellant ought not be required to request a bill of exceptions from a trial court more than once.

I understand that, here, the Court of Appeals entered a show cause order, which the appellants ignored. But by the time of its January 13, 1998, opinion, the trial court judge presiding over the summary judgment proceeding was no longer available to fulfill the requirements of rule 5B(3)c. (Nebraska Supreme Court order of November 5, 1997, regarding suspension of John C. Whitehead, a district court judge.)

The only valid response the appellants could have made to the order to show cause was that they had filed a request for a bill of exceptions as required by rule 5B(1)a. I respectfully submit that under that circumstance, the Court of Appeals was free to conclude that the orderly administration of justice would be best served by, in effect, rescinding its order and remanding the cause for a new evidential hearing.