DIDIER PRESLE, APPELLANT, V. LYNNE ANN PRESLE, APPELLEE,
AND STATE OF NEBRASKA, INTERVENOR-APPELLEE.
634 N.W.2d 785

Filed October 26, 2001. No. S-00-502.

Daniel W. Ryberg for appellant.

Anthony R. Medina for intervenor-appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

This is an appeal from an order of the Douglas County District Court which found that, as a matter of public policy, it could not vacate or set aside any provision of a 1982 decree of dissolution, including a finding of paternity. The district court granted summary judgment to the State as intervenor.

## FACTS

Didier Presle and Lynne Ann Presle were married on May 15, 1980. One child was born during the marriage on January 27, 1982. On May 26, Didier filed a petition for dissolution of marriage in Douglas County District Court. In the petition, Didier disclaimed paternity of and responsibility for the child.

In the decree of dissolution, entered on December 14, 1982, the trial court found that although the petition alleged Didier was not the father of the child and Didier had disclaimed paternity, there was no competent and sufficient evidence before the court to support these allegations. The trial court found that the child was the issue of the marriage and that Didier should be required to contribute to her support. Lynne was awarded custody, and Didier was ordered to pay $200 per month in support until the child's emancipation. During subsequent years, Lynne assigned her child support rights to the State on several occasions and received State benefits for the child.

In an application to modify signed on December 12, 1998, 16 years after the decree of dissolution was entered, Didier requested a modification of the child support order, asserting that a material change of circumstances had occurred. He alleged that he was not aware he had been ordered to pay child support because he did not reside in Nebraska at the time the decree was entered. Didier further alleged that genetic testing conducted in 1998 had determined that he could not be the natural father of the child.

The State filed a petition seeking leave to intervene on April 6, 1999, alleging that it had been assigned the child support payments and that Didier owed the State $39,200 as of March 29. The State was subsequently granted leave to intervene.

On May 7, 1999, Didier filed a "Petition to Vacate and Set Aside or Alternatively Amended Application to Modify" asserting that the provisions of Neb. Rev. Stat. § 42-368 (Reissue 1998) which preclude modification of amounts "accrued prior to [the] date of service" of a motion to modify are arbitrary and capricious; are in violation of the separation of powers clause of the state Constitution; deny him access to the courts for an adequate remedy, in violation of article I, § 13, of the state Constitution; and deny him due process under the state Constitution and the U.S. Constitution. Didier argued that the adverse parties were estopped from asserting any obligations upon him, and he invoked laches. In the alternative, he sought to amend his application to modify by asking that child support be abated as of the date of the decree, the date of the application to modify, or "such other retroactive date that the law allows."

In its response, the State affirmatively alleged that since entry of the decree of dissolution in 1982, Lynne had received aid to dependent children benefits, and that she had assigned her rights to child support to the State. The State also asserted that any effort to revisit the issue of paternity was precluded by res judicata.

After Didier and the State each filed motions for summary judgment, the district court entered an order overruling Didier's motion and sustaining the State's motion. The district court held that it would be contrary to public policy for the court to find that the child was not the issue of the marriage and that Didier remained the child's legal father and had a continuing obligation of support. The district court ordered that all aspects of the original decree of dissolution remain in full force and effect. Didier filed this appeal.

## ASSIGNMENTS OF ERROR

Didier set forth five assignments of error: (1) The district court erred in determining that public policy prevented it from vacating and setting aside the original provisions of the December 1982 decree of dissolution; (2) the court erred in failing to consider the issues of estoppel and laches; (3) the court erred in determining that the State, as assignee, had not waived or was not estopped from asserting any rights it may have had; (4) the court erred in granting standing to the State and in sustaining its motion for summary judgment; and (5) the court erred in failing to address the constitutionality of Neb. Rev. Stat. § 42-377 (Reissue 1998).

## ANALYSIS

We must first address the appellate record in this case. The transcript, which has been supplemented twice, contains the original petition seeking dissolution of the marriage and the decree of dissolution as well as the application to modify, the petition to vacate, the motions for summary judgment, and the district court's order from which Didier appeals. The bill of exceptions contains seven exhibits, but no testimony nor any indication that the exhibits were offered or received into evidence at the summary judgment hearing. In a motion for an order nunc pro tunc, which was filed after Didier filed his notice of appeal, Didier asserted that no court reporter was available for the summary judgment hearing but that the exhibits were preserved for the record.

 Pursuant to Neb. Ct. R. of Prac. 5A(1) (rev. 2000), "[t]he official court reporter shall in all instances make a verbatim record of the evidence offered at trial or other evidentiary proceeding, including but not limited to objections to any evidence and rulings thereon, oral motions, and stipulations by the parties. This record may not be waived." See, also, Neb. Ct. R. of Official Ct. Rptrs. 3 (rev. 2000).

 The record in the case at bar includes a praecipe for bill of exceptions. This court has stated that "[o]nce a praecipe for bill of exceptions has been filed, preparation of the bill of exceptions becomes an internal court matter, and it is the duty of the court reporter to prepare the original bill of exceptions." *Sindelar v. Hanel Oil, Inc.*, 254 Neb. 975, 979, 581 N.W.2d 405, 407 (1998). Court rule 5B(3)c provides that

> [i]f the reporter is unable to prepare and certify a bill of exceptions, or if a bill of exceptions cannot be prepared and certified under provisions contained elsewhere in [court] rules, the bill of exceptions shall be prepared under the direction and supervision of the trial judge and shall be certified by the judge and delivered to the clerk of the district court.

The record here does not establish that the trial judge took any steps to ensure that a bill of exceptions was prepared and certified.

At oral argument before this court, the State suggested that the summary judgment hearing was held in chambers and that no court reporter was present. This court will not permit such conduct. Whether a trial court judgment is appealed or not, a record is necessary, and the trial judge in the case at bar should have ensured that a court reporter was available for the hearing.

On June 12, 2000, Didier filed a motion for an order nunc pro tunc requesting an order from the district court reflecting which exhibits were received and showing that no objection was made to the exhibits offered by Didier. For purposes of this opinion, we treat the motion as a notice and request that the trial judge direct and supervise the preparation of a bill of exceptions to be certified by the judge and delivered to the clerk of the district court. The trial docket reflects that the district court overruled this motion. Under these circumstances, we conclude that the orderly administration of justice is best served by vacating the order of the district

court and remanding the cause for a new evidentiary hearing. See *Sindelar v. Hanel Oil, Inc., supra* (Caporale, J., concurring).

## CONCLUSION

The order granting summary judgment to the State is vacated, and the cause is remanded for a new evidentiary hearing.

ORDER VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.