641 N.W.2d 398 (2002)
263 Neb. 619
William COATES and April Ruggles, Appellants,
v.
FIRST MID-AMERICAN FINANCE COMPANY, L.L.C., Appellee.
No. S-00-999.
Supreme Court of Nebraska.
April 5, 2002.
*399 Daniel J. Thayer, of Lauritsen, Brownell, Brostrom, Stehlik, Thayer & Myers, Grand Island, for appellants.
Amie C. Martinez, of Anderson, Creager & Wittstruck, P.C., Lincoln, for appellee.
HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
William Coates and April Ruggles sought a declaratory judgment as to the status of a lien given by them to First Mid-American Finance Company, L.L.C. (First Mid-American). The district court determined that the lien was valid, and Coates and Ruggles timely appealed.

FACTS
Apparently, the district court made a ruling based upon stipulated facts. However, the stipulation was not marked, offered, or received in evidence, and it was not filed by the clerk of the district court until December 15, 2000, which was after the filing of the notice of appeal on September 20. The record contains seven exhibits, but there is no transcription of a hearing, and there is no bill of exceptions which would show whether the exhibits were offered or received. No court reporter was present to record the proceedings, which were held in chambers.
Coates and Ruggles claim that the lien given to First Mid-American was discharged in bankruptcy. In their petition, *400 Coates and Ruggles allege they entered into a retail installment contract with First Mid-American through Horizon Motors for the purchase of a 1986 Pontiac Grand Am. The vehicle was subsequently involved in a collision and was considered a total loss. First Mid-American commenced suit for the amount owed on the vehicle, $4,660.62. Coates and Ruggles granted a lien to First Mid-American for $4,660.62 plus interest of $2.17 per diem on any personal injury proceeds received as a result of the accident. Coates and Ruggles then filed chapter 7 bankruptcies, which were approved, and the debt owing to First Mid-American was discharged.
Coates' personal injury action was settled for $10,500, and the check issued by Liberty Mutual listed First Mid-American as a payee pursuant to the lien on the proceeds. Coates and Ruggles assert that the lien on the personal injury proceeds is invalid because the debt was discharged in bankruptcy.
The district court found that the bankruptcy had enjoined collection against Coates and Ruggles personally but that a creditor may still enforce a valid lien against the property. The district court stated that "[u]nder 11 U.S.C. § 524(a) the lien entered into by [Coates and Ruggles] voluntarily is passed through the bankruptcy." The parties were ordered to pay their own costs and fees. Coates and Ruggles timely filed this appeal.

ANALYSIS
We first address the record in this case. There are seven exhibits in the record, but because no court reporter was present to record the proceedings, there is no record of whether these exhibits were offered or received. A stipulation of facts was filed with the district court and is included in the transcript, but it is not contained in the bill of exceptions.
A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered. Huddleson v. Abramson, 252 Neb. 286, 561 N.W.2d 580 (1997). Here, there is no evidence for this court to examine to determine whether the district court erred in reaching its decision. Without a bill of exceptions to verify whether the exhibits were received in evidence or whether the stipulation was properly presented to the district court, there is no record for this court to consider.
We recently addressed the absence of a court reporter at a hearing on a motion for summary judgment in Presle v. Presle, 262 Neb. 729, 634 N.W.2d 785 (2001). We vacated the order and remanded the cause for a new evidentiary hearing. The same reasoning applies to the case at bar.
Pursuant to Neb. Ct. R. of Prac. 5A(1) (rev.2000), "The official court reporter shall in all instances make a verbatim record of the evidence offered at trial or other evidentiary proceeding, including but not limited to objections to any evidence and rulings thereon, oral motions, and stipulations by the parties. This record may not be waived."
Here, although the court reporter prepared a "Bill of Exceptions Certificate" and attached it to an envelope purporting to be a bill of exceptions, this does not comply with our rules because the court reporter was not present when the proceedings were held. A bill of exceptions could not be prepared without the district court certifying what was offered and received in evidence. Rule 5B(3)c provides:
If the reporter is unable to prepare and certify a bill of exceptions, or if a bill of exceptions cannot be prepared and certified under provisions contained *401 elsewhere in these rules, the bill of exceptions shall be prepared under the direction and supervision of the trial judge and shall be certified by the judge and delivered to the clerk of the district court.

CONCLUSION
In accordance with our decision in Presle, the order of the district court is vacated, and the cause is remanded for a new evidentiary hearing.
ORDER VACATED, AND CAUSE REMANDED WITH DIRECTIONS.