KEB, INC, DOING BUSINESS AS ALLEN'S OF HASTINGS, A NEBRASKA CORPORATION, APPELLANT, V. FARRIS CONSTRUCTION CO., INC., A NEBRASKA CORPORATION, APPELLEE.

665 N.W.2d 667

Filed July 15, 2003.   No. A-02-063.

Chris A. Johnson, of Conway, Pauley & Johnson, P.C., for appellant.

Mark Kadi, of Leininger, Smith, Johnson, Baack, Placzek, Steele & Allen, for appellee.

HANNON, INBODY, and MOORE, Judges.

HANNON, Judge.

## INTRODUCTION

On August 28, 2000, KEB, Inc., doing business as Allen's of Hastings, a Nebraska corporation (KEB), filed a petition against Farris Construction Co., Inc., also a Nebraska corporation (Farris), alleging that the parties had entered into a second contract whereby Farris agreed to replace defective concrete which it had installed for KEB and that Farris had breached the contract by refusing to replace the concrete. If the parties entered into a contract as KEB alleges, it was accomplished by a series of conversations and letters between the parties' officers and attorneys over a period of time. KEB prayed for damages incurred in hiring another entity to replace the concrete, for costs, and for attorney fees. Both parties moved for summary judgment, and a hearing was held on their motions. No record was made at the hearing, but the trial court granted Farris' motion and denied KEB's motion. KEB appeals. Because no record was made of the hearing on the motions for summary judgment, we vacate the trial court's order and remand the cause with directions for the trial court to hold a new hearing on both motions for summary judgment in the presence of the court reporter as required by Neb. Ct. R. of Prac. 5A(1) (rev. 2000).

## BACKGROUND

The record with which we have been presented consists of the transcript, containing the petition, the answer, the motions for summary judgment, KEB's answers to Farris' requests for admissions and interrogatories, and an affidavit of Farris' president. We are also presented with an "expanding wallet file with flap" that has a letter-size paper bearing the caption of the case taped to its outside. The paper has the title "Bill of Exceptions." In the body of the paper is a list of exhibits 1, 2, 3, and 4, which are described as "Requests for Admissions and Interrogatories," "Response to Requests for Admissions and Interrogatories," "Affidavit of James P. Farris," and "Affidavit of Robert M. Allen," respectively. The paper is unsigned.

On the other side of the wallet file is taped another letter-size paper with the caption of the case thereon and the title "Affidavit." It contains an affidavit of the trial judge stating, in

summary, that no proceedings of the October 10, 2001, hearing were had on the record and that there were four exhibits marked and received on that date, exhibits 1 through 4, which were filed on March 5, 2002. The only document in the wallet file bearing a file stamp is exhibit 2, and that stamp is of the word "Received" in large type with what appears to be a date, which is largely illegible. The stamped year appears to begin with a 2 and end with a 1, so we deduce that exhibit 2 was filed in 2001, and the month appears to read "APR," but the day is simply illegible. The affidavit also states that it was prepared in compliance with rule 5B(3)c.

Inside the wallet file, there are four manila file folders labeled exhibits 1, 2, 3 and 4. In those exhibits, the requests for admissions, the response to the requests, the affidavit of James Farris, and the affidavit of Robert Allen, respectively, are found. These are each several-page documents, but the pages are stapled together, and on the front of each is a standard exhibit marker with the number of the exhibit, the date "10/10/1," and an ambiguous initial on it. The wallet file also contains an affidavit of the court reporter stating that there were no proceedings had on the record at the October 10, 2001, hearing, that four exhibits were marked on that date, and that the exhibits were enclosed.

## ANALYSIS

Our initial question is whether or not the record presented is such that we can or should entertain the appeal at all. The record is presented by the trial judge and the parties as adequate under rule 5B(3)c. That rule provides:

> If the reporter is unable to prepare and certify a bill of exceptions, or if a bill of exceptions cannot be prepared and certified under provisions contained elsewhere in these rules, the bill of exceptions shall be prepared under the direction and supervision of the trial judge and shall be certified by the judge and delivered to the clerk of the district court.

This rule must be read in the light of rule 5A(1), which provides, "The official court reporter shall in all instances make a verbatim record of the evidence offered at trial or other evidentiary proceeding, including but not limited to objections to any evidence

and rulings thereon, oral motions, and stipulations by the parties. *This record may not be waived.*" (Emphasis supplied.)

The record in this case is quite close to that which was presented to the Nebraska Supreme Court in *Presle v. Presle*, 262 Neb. 729, 634 N.W.2d 785 (2001). In *Presle*, the trial court had sustained a motion for summary judgment for one party and denied one for the other party. The "bill of exceptions" contained several exhibits but no testimony and no indication that the exhibits had been offered and received. After the notice of appeal was filed, the appellant filed a motion for an order nunc pro tunc and asserted that no court reporter was available for the hearing on the motion for summary judgment but that the exhibits had been preserved for the record. At oral argument, the appellee's counsel asserted that the summary judgment hearing was held in chambers and that no court reporter was present. The Nebraska Supreme Court repeated this fact in its opinion and then stated, "This court will not permit such conduct. Whether a trial court judgment is appealed or not, a record is necessary, and the trial judge in the case at bar should have ensured that a court reporter was available for the hearing." *Id.* at 732, 634 N.W.2d at 787.

The case at hand differs from *Presle* only in that in *Presle*, the trial judge overruled the appellant's motion for an order nunc pro tunc. Without specifically stating so, the *Presle* court seemed to treat that ruling by the trial court as a refusal to prepare a bill of exceptions under rule 5B(3)c. In the case at hand, the trial judge attempted to comply with that rule by the judge's affidavit stating that four exhibits in the wallet file had been marked and received. We are presented with the question of whether or not papers in a file certified by the trial judge as having been marked and received as exhibits constitute a bill of exceptions.

■ We think not. First of all, our record clearly shows that no court reporter was present at the relevant hearing. Rule 5B(3)c provides, "If the reporter is unable to prepare and certify a bill of exceptions . . . the bill of exceptions shall be prepared under the direction and supervision of the trial judge and shall be certified by the judge . . . ." The rule does not provide that a judge may make a record when no record was made. When rule 5B(3)c is read in conjunction with rule 5A(1), which requires a court

reporter to make a verbatim record, rule 5B(3)c applies only when such things as death and disability prevent the reporter from preparing a bill of exceptions after a record was actually made at a hearing. Second, to use the papers herein presented as the bill of exceptions flies in the face of the rule that the verbatim record cannot be waived, as well as of statements by the Nebraska Supreme Court that it is the trial judge's duty to ensure that a court reporter is present. To allow materials marked and certified only by a trial judge as a bill of exceptions would effectively allow the trial judge to waive the making of a record, which act is contrary to rule 5A(1), at least in cases where the parties do not object. Such a procedure amounts to an unspoken waiver.

We therefore conclude, as the *Presle* court concluded, that the administration of justice is best served by vacating the district court's order and remanding the cause for a new evidentiary hearing on the motions for summary judgment of both parties. The order granting summary judgment to Farris and denying summary judgment to KEB is vacated, and the cause is remanded for a new evidentiary hearing.

ORDER VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.