756 N.W.2d 167 (2008)
17 Neb. App. 12
FIRST NATIONAL BANK OF OMAHA, Appellee,
v.
Edwin E. ELDRIDGE, Appellant.
No. A-07-1154.
Court of Appeals of Nebraska.
August 26, 2008.
*169 Edwin E. Eldridge, pro se.
Karl Von Oldenburg, of Brumbaugh & Quandahl, P.C., L.L.O., Omaha, for appellee.
SIEVERS, MOORE, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
First National Bank of Omaha (the Bank) sued Edwin E. Eldridge for failing to make payments on a credit card it issued to Eldridge. The county court entered summary judgment in the Bank's favor and overruled Eldridge's motion to alter or vacate the judgment, and the district court affirmed. This appeal focuses on Eldridge's claim that a national bank may not "lend its credit." Because a bank is loaning money when it extends credit via a credit card, we affirm.

BACKGROUND
In December 2006, the Bank sued Eldridge in county court. The complaint alleged that the Bank, a national banking association, issued a credit card to Eldridge "whereas [Eldridge] was/were extended credit." The complaint further alleged that Eldridge used the credit card, that he went into default after failing to make payments on the charges, and that he owed the Bank nearly $17,000. Eldridge filed an answer, denying the above allegations and raising as affirmative defenses that he never entered into a contract with the Bank, that he never received a credit card agreement from the Bank, that he was not informed of any terms or conditions of a contract, and that he never received any demand for payment.
The Bank moved for summary judgment, and the county court sustained the motion. The court later denied Eldridge's motion to alter or vacate the judgment.
Eldridge appealed to the district court. During the hearing, the court received the bill of exceptions from the county court's hearing on the motion to alter or vacate *170 the judgment. The district court affirmed the county court's judgment for the Bank.
Eldridge timely appeals. Pursuant to authority granted to this court under Neb. Ct. R.App. P. § 2-111(B)(1), this case was ordered submitted without oral argument.

ASSIGNMENTS OF ERROR
Eldridge assigns seven errors. He alleges, consolidated and restated, that the district court erred in failing to find (1) that a bank has no power to lend its credit, (2) that the Bank did not produce any admissible evidence to prove it was allowed to lend its credit to Eldridge, (3) that the records custodian did not lay a proper foundation for authentication of a valid cardmember agreement existing between the Bank and Eldridge or for the statements in his affidavit, and (4) that the Bank's counsel made no attempt to state facts through a competent witness.

STANDARD OF REVIEW
[1, 2] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. City of Omaha v. City of Elkhorn, 276 Neb. 70, 752 N.W.2d 137 (2008). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Id.
[3] When reviewing questions of law, an appellate court resolves the questions of law independently of the trial court's conclusions. Hughes v. Omaha Pub. Power Dist., 274 Neb. 13, 735 N.W.2d 793 (2007).

ANALYSIS
[4-6] Due to the absence of a bill of exceptions from the summary judgment hearing, the only assignment of error that we reach is whether the court erred in failing to find that a national bank has no power to lend its credit. The transcript contains the affidavit of a records custodian for the Bank and Eldridge's affidavit. However, our record contains no bill of exceptions from the hearing on the motion for summary judgment. It is incumbent upon the party appealing to present a record which supports the errors assigned. Sindelar v. Hanel Oil, Inc., 254 Neb. 975, 581 N.W.2d 405 (1998). The only issue which will be considered on appeal of a summary judgment in the absence of a bill of exceptions is the sufficiency of the pleadings to support the judgment. Id. The absence of a bill of exceptions, being the only vehicle for bringing evidence to an appellate court, results in the presumption that the evidence sustains the trial court's findings that there was no genuine issue as to any material fact and that the case was correctly decided. Id.
[7] We may consider this assignment of error despite the absence in our record of the statement of errors required by Neb. Ct. R. § 6-1452(A)(7) on the appeal to the district court. Despite a failure to file a statement of errors in the district court, a higher appellate court may still consider the errors actually considered by the district court. See State v. Engleman, 5 Neb.App. 485, 560 N.W.2d 851 (1997). It is clear from the district court's statements and judgment on appeal that Eldridge filed a statement of errors and that he raised the issue of a bank lending its credit. We now turn to the only issue properly before us.
In support of Eldridge's argument that the Bank may not lend its credit, he cites *171 "Title 12 U.S.C. Section 24, Paragraph 75," brief for appellant at 7; quotes several older federal cases stating that a national bank may not lend its credit; and directs us to three old cases contained in the first series of the Southeastern Reporter. The authority cited by Eldridge does not address a national bank's ability to issue credit cards, and the cases are simply not on point. See, e.g., Federal Intermediate Credit Bank v. L'Herisson, 33 F.2d 841 (8th Cir.1929); Farmers' & Miners' Bank v. Bluefield Nat. Bank, 11 F.2d 83 (4th Cir.1926); Merchants' Bank of Valdosta v. Baird, 160 F. 642 (8th Cir.1908); Bowen v. Needles Nat. Bank, 94 F. 925 (9th Cir. 1899); National Bank of Commerce v. Atkinson, 55 F. 465 (C.C.D.Kan.1893). Although we conclude below that issuance of credit cards does not constitute lending of a bank's credit, we note in passing that current statutory and regulatory authority does permit a national bank to lend its credit under certain circumstances. See 12 C.F.R. § 7.1017(a) (2008).
[8] "[T]he [National Bank Act] authorizes national banks to issue, market, and service credit cards." Capital One Bank (USA), N.A. v. McGraw, No. CIVA 2:08-CV-00165, 2008 WL 2554962 *4 (S.D.W.Va. June 26, 2008). A national banking association has the power to exercise "all such incidental powers as shall be necessary to carry on the business of banking" and may "loan[ ] money on personal security." 12 U.S.C. § 24 (2000). A national bank may make loans or extensions of credit. 12 C.F.R. § 32.1(c)(2) (2008). It may "make, sell, purchase, participate in, or otherwise deal in loans and interests in loans that are not secured by liens on, or interests in, real estate." 12 C.F.R. § 7.4008(a) (2008).
Although the issue is determined by federal law, we observe that the laws governing banks chartered by the State of Nebraska are consistent with the federal law on this issue. The Nebraska Banking Act defines "[m]aking loans" to include "advances or credits that are initiated by means of credit card or other transaction card," Neb.Rev.Stat. § 8-101(11) (Cum. Supp. 2006), and defines a "[p]ersonal loan" to "include loans or advances initiated by credit card or other type of transaction card," Neb.Rev.Stat. § 8-815(5) (Cum. Supp. 2006). Banks are in the business of loaning money and extending credit; issuing and servicing credit cards is just another method of carrying out its business.
[9] The Bank contends that by issuing credit cards to consumers, the Bank is not lending its credit, but, rather, loaning its money. We agree. When a consumer uses a credit card, the consumer is deferring payment and the issuer pays for the purchases on the consumer's behalf. In return, the consumer is obligated to repay the money loaned and may have to pay interest. When a bank makes a loan, it uses funds deposited by other customers. When the Bank initially pays for the consumer's credit card purchases, it is not lending its credit. Rather, the Bank is extending credit using money deposited by its customers. Eldridge's assignment of error lacks merit.

CONCLUSION
We conclude that the district court did not err in affirming the county court's judgment in favor of the Bank and in finding no error in the county court's denial of Eldridge's motion to alter or vacate.
AFFIRMED.